Rodgers *v.* Kavanaugh et al.

MICHAEL RODGERS, Appellant, . *v.* JOHN H. KAVANAUGH *et . al.,* Appellees.

APPEAL FROM WILL.

In order to hold a party to notice of a recorded deed, the description of the land must be such as to refer to the same premises.

A purchaser has a right to suppose his grantor has a title and a right to convey, although his title may not be recorded.

IT appears by the record, that on the 15th day of December, 1856, Michael McEvoy and wife, conveyed to appellant, by a deed of trust, to secure an indebtedness of $1,000, the following described real estate, to wit : Lots one (1) and two (2), in block twenty (20), in West Joliet, Bluff street ; also, forty-five (45) feet of the rear of lots one (1) and two (2), running easterly to the canal tow-path ; being all the lands I own in block twenty (20), West Joliet.

It further appears, that on the 27th day of April, A. D. 1857, said McEvoy and wife, for the purpose of indemnifying the appellees, Kavanaugh, Dempsey and Ingoldsby, for having become security for McEvoy, to one Rease, for $412.90, executed and delivered to them a mortgage, with power of sale, upon the following described real estate, to wit : All that part of lot 5, in block 16, in West Joliet, and more particularly described as follows : Beginning at a point southwardly on the west line of said lot 5, 74 feet from the north-west corner of said lot 5 ; from that point run southwardly, along the said west line, to the south-east corner of lot 2, in said block 16, supposed to be forty-five feet ; thence easterly, on a range of the south line of lot 2, to land appropriated by the State of Illinois for the construction of the Illinois and Michigan Canal ; thence northwardly, along the west line of land so appropriated for said canal, to the south-east corner of a certain part of said lot, conveyed by one Jas. McKee and wife to John Curry, supposed to be forty-five feet ; thence westwardly, on a line parallel with Oneida street, to the place of beginning.

Kavanaugh, Dempsey and Ingoldsby, in consequence of the default of McEvoy, were compelled to pay the note to Rease ; and, to reimburse themselves, advertised the forty-five feet described in their mortgage, and sold the same on the 6th day of January, 1858, which was purchased by Eugene Daly, for the benefit of the mortgagees. Upon the filing of the bill, a writ of injunction was issued, restraining Daly from conveying or incumbering the forty-five feet purchased, till the cause · should be heard.

The answers deny all notice of the pretended claim of appellant, that any mistake was made in describing the property in the deed of trust, or that McEvoy and Rodgers intended to embrace the forty-five feet in question, in the deed of trust. The appellees claim that they were subsequent *bona fide* mortgagees, without notice, either actual or constructive.

It is not contended that appellees had actual but constructive notice by reason of the registry of the deed of trust, but that the misdescription was so palpable as to put appellees upon inquiry when they took their mortgage from McEvoy and wife.

The Circuit Court of Will county, NORTON, Judge, presiding, at a special term in June, 1859, dismissed the bill.

PARKS & ELWOOD, for Appellant.

McROBERTS & GOODSPEED, for Appellees.

WALKER, J. It is not insisted, that appellees had actual notice of the intention of McEvoy to convey a part of lot five, in block sixteen, by the deed of trust executed to appellant, at the time they received their mortgage. But it is urged, that when that deed was placed on record, notwithstanding the description of the property was wholly insufficient to indicate that it had been conveyed, by deed of trust, to appellees, it became notice of the execution of the deed of trust, or was at least sufficient to put the appellees upon inquiry, that would have led to full notice. The description adopted in the deed of trust, executed by McEvoy to appellant, is this: " Lots one (1) and two (2), in block twenty (20), in West Joliet, Bluff street—also, forty-five (45) feet of the rear of lots one (1) and two (2), running easterly to the canal tow-path; being all the lands I own in block (20), West Joliet." And the description of the property conveyed by the mortgage, subsequently made by McEvoy to appellees, is this: " All that part of lot five, in block 16, in West Joliet, and more particularly described as follows: Beginning at a point southwardly, on the west line of said lot five, 74 feet from the N. W. corner of said lot five; from that point run southwardly along the said line, to the S. E. corner of lot two, in block 16, supposed to be forty-five feet; thence easterly, on a range of the south line of lot 2, to the land appropriated by the State of Illinois for the construction of the Illinois and Michigan Canal; thence northwardly along the W. line of the land so appropriated for said canal, to the S. E. corner of a certain part of said lot, conveyed by one Jas. McKee and wife, to John Curry, supposed to be 45 feet; thence westerly, on a line parallel with Oneida street, to the place of beginning."

Rodgers *v.* Kavanaugh et al.

We have only to contrast these two descriptions to see they are not for the same premises. In the mortgage, it is described as part of lot five, in block sixteen, in West Joliet. In the deed of trust, the description embraces three tracts, all in block twenty, in West Joliet. The property in dispute is there described as forty-five feet in the rear of lots one and two, in block twenty. In the two instruments, the premises conveyed, are located in different lots and different blocks. Who could ever suppose property described as lying in the rear of lots one and two, in block twenty, was designed to embrace a part of lot five, in block sixteen? But it is urged that as McEvoy had made a conveyance of property for which he had no recorded deed, that when appellees came to examine the record, and found he had conveyed property for which he had no recorded deed, they were bound to inquire whether he had title to it, and to ascertain whether it was made in mistake. When they found no deed on record to McEvoy, for the property described in the deed of trust, they were at liberty to suppose he had such a claim as authorized him to make the conveyance, and that his title, whatever it might be, was in his possession unrecorded, and that his grantees, when they received the conveyance, had examined it, and were satisfied to receive it as security for the indebtedness. There was nothing in the fact that no deed was recorded, conveying this property to McEvoy, which was calculated to make them suppose that a mistake had occurred in the description. Sales are not unfrequently made by owners, who have no deed on record, and appellees had the right to suppose, in the absence of notice to the contrary, that such was the fact in this case. The fact that he was in the occupancy of the property could make no difference, as the deed of trust makes no reference to that fact, and the appellees were not bound to believe that the grantor had no other property, but that he was occupying, unless they had been notified of the fact.

Nor is there anything in the description adopted in the deed of trust, by which the land there described could, by any possibility, be located upon that described in the mortgage. There is nothing in the two descriptions that refers to the same thing, unless it be the west city of Joliet, and the canal. These objects may readily be referred to in the description of every piece of property in the city, as they are prominent and leading subjects of that locality. But if any portion of the description employed in the deed of trust may be rejected, still it will not describe or refer to the property embraced in the mortgage. To produce that result, a new description must be substituted, and courts have no power to make deeds for the parties. It may be true, as contended, that where several par-

ticulars are referred to, some of which are true and some false, that the latter may be rejected, and the conveyance be thereby sustained, but in this case, the particulars of the description all point to, and identify other and wholly different property from that sought to be brought within its operation.

The appellees not having had notice, either actual or constructive, at the time they received their mortgage, that the property embraced in it was designed to have been conveyed by the deed of trust, the court below committed no error in dismissing the bill, and the decree must be affirmed.

*Decree affirmed.*