## JOHN LOCK

### *v.*

## CHARLES FULFORD.

1. ASSIGNEE—*after maturity.* The assignee of a promissory note, after maturity, takes it subject to all the equities then existing between the original parties.

2. MORTGAGES—*subsequent purchaser from the mortgagor of a part of the premises—only secondarily liable.* Where a mortgagor conveys a portion of the mortgaged premises, retaining a portion himself, as between the mortgagor and his grantee, that portion retained by the mortgagor should be first applied to the payment of the mortgage.

3. SAME—*subsequent purchaser of the remaining portion—of his rights in respect to the prior purchaser.* And a subsequent purchaser of the portion thus retained by the mortgagor, with notice of the prior sale of the other portion, simply steps into the shoes of the mortgagor, and will hold his portion subject to be charged primarily with the payment of the mortgage.

4. SAME—*assignee of mortgage, with notice of prior sale.* So where the assignee of a note secured by mortgage took the assignment with notice that a part of the mortgaged premises had been sold and conveyed by the mortgagor, such assignee can hold the portion so conveyed only secondarily liable, and must first exhaust the portion of the premises retained by the mortgagor. It is, therefore, competent for the grantee of the mortgagor, in a suit by the assignee of the mortgage to foreclose, to prove the fact that he

had so purchased a part of the premises after the mortgage became a lien, and that the assignee had notice of that fact.

APPEAL from the Circuit Court of Marshall county; the the Hon. S. L. RICHMOND, Judge, presiding.

The facts in this case are fully presented in the opinion of the court.

Messrs. BANGS & SHAW, for the appellant.

Messrs. BURNS & BARNES, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed in the Marshall circuit court to foreclose a mortgage executed by Matthew Hoyt and wife to William Bradley, for the sum of three hundred dollars. It appears that the mortgage was assigned to appellee. The bill makes the mortgagors defendants, and alleges that Lubell, Jennings, Millspaugh, Roberts and Lock claim to have some interest in the mortgaged premises, and they are also made parties defendant. The bill was subsequently dismissed as to Lubell, Jennings and Millspaugh, and was amended by making John Roberts a defendant.

The bill was taken as confessed as to all of the defendants, except Lock, who answered claiming that Hoyt had paid the mortgage and procured its assignment to appellee, who held it fraudulently for the benefit of Hoyt, to enable him to collect money out of a portion of the mortgaged premises purchased by Lock, and insists that the portion thus purchased by him is not liable to sale under the mortgage, or if so, not until the remainder has been sold, and failed to produce a sum sufficient to pay the mortgage debt, if anything remains unpaid thereon. To this answer a replication was filed, and a hearing had on the bill, *pro confesso* orders, answer, replication and proofs,

and a decree was rendered ordering the mortgaged premises to be sold to satisfy the debt.

It appears from the evidence that three payments of interest were endorsed on the note, and one payment of $151.52 on the 16th day of February, 1856, and on the 18th of July, 1862, the sum of $50. Mrs. Huldah Hoyt also testified, that after the death of her husband, and while she was the owner of the note, Hoyt, the mortgagor, paid to her the fifty dollars endorsed as a credit on the note, and that he did some work for her, and furnished her with some meat and potatoes ; that these items were deducted at the time a settlement was made, in June 1867, and before she transferred the note and mortgage. She states that there was then due on the note but one hundred dollars, and says she thinks appellee knew what was due on the note ; that he paid but one hundred dollars for the note, and that is the sum mentioned as the consideration in the assignment.

Appellee testified that when he purchased the note there appeared to be due on it $190 or $195, and said he bought it at a discount ; but fails to state what sum he paid ; but thinks he paid more than one hundred dollars.

From this evidence it is manifest that this decree is for too large a sum. The note was over due at the time appellee purchased it, and he took it subject to all defenses then existing. Mrs. Hoyt testifies that the maker did labor for her, and furnished her with some meat and potatoes, which was deducted from the note on a settlement they made while she held the note. These payments were not endorsed, nor were they allowed as a credit in ascertaining the sum for which the decree was rendered. Had Mrs. Hoyt filed the bill for a foreclosure, no one would question the right of the maker to insist upon their deduction as payments, and appellee taking the note after its maturity, cannot prevent them being allowed. Nor can he recover more than was due at the time he became the purchaser, with interest from that date. If, as Mrs. Hoyt swears, there was then due on the note but one hundred

dollars, that would, with interest, be the extent of his recovery. Again, Lock offered on the trial to prove that after the mortgage became a lien on the property, he had obtained title to a portion of the premises as set up in his answer; but the court refused to hear the evidence. In this the court erred. In the case of *Iglehart* v. *Crane*, 42 Ill. 261, it was held that where a mortgagor conveys a portion of the mortgaged premises, as between the mortgagor and his grantee, the por.ion retained by the mortgagor must be first applied to the payment of the debt. And a subsequent purchaser of the portion thus retained by the mortgagor, with notice of the prior sale of the other portion, simply occupies the position of the mortgagor, and will hold his portion subject to be charged primarily with the payment of the mortgage debt. The first purchaser, in such a case, has the right to insist that the property retained when he purchased shall be primarily held to pay the debt, which must be exhausted before a resort can be had to the portion purchased by him.

This being the rule, Lock had the right to prove that he had purchased a portion of the mortgaged premises, and that appellee had notice of his purchase when he took the assignment, and upon such proof being made, the portion of the mortgaged premises as retained by the mortgagor, should have been first subjected to sale to satisfy the debt. For the errors indicated, the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*