## Worth Sowards, Impleaded, etc.,

### v.

## Annie E. Taylor et al.

*Will—Construction of—Practice.*

In a clause of a will setting forth that a person named "shall have sufficient income from my property that I may possess at the time of my death for her support during her natural life," the word "income" has reference to what shall be received by the beneficiary of the will, and not what sum of money the estate would produce during the year by way of income; it would mean that sum of money yearly equal to her reasonable support, without reference as to whether it was derived from the income of the property, or from a sale of the property itself.

[Opinion filed December 7, 1891.]

In error to the Circuit Court of Marshall County; the Hon. Thomas M. Shaw, Judge, presiding.

Messrs. Barnes & Barnes and Cyrus Niles, for plaintiff in error.

The will charges only the income from his estate, and does not charge the *corpus* of the estate.   Delaney v. Van Aulen, 86 N. Y. 16; Irwin v. Wollpert, 128 Ill. 528; Talbot v. Rountree, 3 Ill. App. 275; Heslop v. Gatton, 71 Ill. 528; 2 Redfield on Wills, 208.

Even if the support is chargeable on the land it is only so secondarily and after the personal estate has been exhausted. Brundenell v. Boughton, 2 Ath. 268; Lupton v. Lupton, 2 Johnson Ch. R. 614.

Webster defines income—" That gain which proceeds from labor, business, or property of any kind; the produce of a farm; the rent of houses; the proceeds of professional business; the profits of commerce or occupation; the interest of money or stock in funds, etc.; revenues; receipts, especially the annual receipts of a private person or a corporation from property."

Bouvier describes income—" The gain which proceeds from property, labor or business."

So the decree, in so far as it provides for selling out the lands, finds no support in the will.

In this case the will contemplated that her support should be realized from the income of all his property, but Mrs. Sowards claimed, and the decree gave her, dower in part of the real estate of deceased, and then provided selling out the balance if the heirs did not pay her the installments fixed by the court. She could not take under the will and against it at the same time. Cowdrey v. Hitchcock, 103 Ill. 262; Jarman on Wills, Chap. 15; 2 Story's Eq. Jur., Sec. 1075; Hyde v. Baldwin, 17 Pick. 308; Hopgood v. Houghton, 22 Pick. 480.

She and her daughter Annie took together one piece of real estate renting at $15 a month; plaintiff in error is deprived of any aid for her support from that property, while the will included it in the fund for making up her support. It pays three-fourths of the $240 allowance if applied. She can not do this—take the income as dower and then sell the residence; sell the *corpus* for her support.

That the will is void for uncertainty we cite: Where the intention can be ascertained, the law requires each and every clause of a will to be carried into operation; but where there is so much uncertainty that the real intention can not be ascertained, then, of course, the provision of the will obscured in doubt must fall. Jarman on Wills, Chap. 13; Gill v. G'd Tower M., etc., Co., 92 Ill. 249.

Messrs. Edwards & Evans, for defendants in error.

It appears from the certificate of the clerk to the transcript of record herein, that the evidence taken by the special master and filed in this cause in the court below as part of his reports to the court, has been omitted from the transcript, and there is not before this court a complete record. Upon such a record, brought here by plaintiff in error, his assignments of error can not be sustained. This court is bound to presume that the omitted portions of the record sustain and warrant the decree and that the action of the court below was

correct. Gordon v. Gordon, 25 Ill. App. 310; Frink v. Phelps, 4 Scam. 559; Bertrand v. Taylor, 87 Ill. 235; Blake v. Miller, 18 Ill. App. 645; Atkinson v. Linden Steel Co., 35 Ill. App. 448.

The reports of the special master show that he took the testimony of witnesses, reduced the same to writing, and filed the same with his reports as part of said reports.    This testimony is part of the record in this cause.    Ferris v. McClure, 40 Ill. 99; Bressler v. McCune, 56 Ill. 475; Moss v. McCall, 75 Ill. 190; Heacock v. Hosmer, 109 Ill. 245; Treleaven v. Dixon, 119 Ill. 549.

If plaintiff in error desired to have the findings and decree of the court below reviewed, he should have brought the testimony to this court in a proper manner.    In the absence of the evidence this court is obliged to conclude that it warranted the decree of the court below and affirm the same.    Groenendyke v. Coffeen, 109 Ill. 325, 334; South Park Com'rs v. Phillips, 27 Ill. App. 380.

In Story v. Livingston, 13 Peters, 359–366, the Supreme Court of the United States says: " Strictly, in chancery practice, though it is different in some of our States, no exceptions to a master's report can be made which were not taken before the master, the object being to save time and to give him an opportunity to correct his errors or reconsider his opinion.    (Dick. 103.)    A party neglecting to bring in objections, can not afterward except to the report (Harr. Ch. 479), unless the court, on motion, see reason to be dissatisfied with the report and refer it to the master to review his report, with liberty to the party to take objections to it."    1 Dick. 290; Madd. Rep. 340–555.    Massachusetts, New York and Illinois are not the States where the rule is different.    In these States, to question the findings and conclusions of the master, objection must be made before him.    Copeland v. Crane, 9 Pick. 73; M. E. Church v. Jaques, 3 Johns. Ch. 81; Byington v. Wood, 1 Paige, 145; McClay v. Norris, 4 Gilm. 370–386; Whiteside v. Pulliam, 25 Ill. 285; Hewitt v. Dement, 57 Ill. 500–507; Haldeman v. Mut. Life Ins. Co., 120 Ill. 390; Snell v. De-Land, 27 N. E. Rep. 183; Portoues v. Holmes, 33 Ill. App. 312.

While some of the earlier cases speak of this as the better practice, the later cases lay it down explicitly as the rule, as in Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279: "If, in the opinion of the plaintiff in error, the evidence offered before the master was incompetent or insufficient to establish the claim, he was required to file exceptions before the master, and if overruled there, renew the exceptions in the Circuit Court. Had this course been pursued, the objec tion now relied on might properly be considered; but as no exception was taken before the master, or in the Circuit Court, plaintiff in error is precluded from making objection here. The master's report must be held conclusive of all questions covered by it not excepted to." Brainard v. Hudson, 103 Ill. 218; Huling v. Farwell, 33 Ill. App. 238.

The bequest to Eliza J. Sowards of a sufficient income for a support from the property is a general bequest, and the estate is absolutely liable for its payment. Newton v. Stanley, 28 N. Y. 61–66.

There being no fund out of which the bequest of a support could be paid except the real estate, it is an equitable charge and lien upon the real estate. Harris v. Fly et al., 7 Paige, 421; Birdsall v. Hewlett, 1 Paige, 32; Loder v. Hatfield et al., 71 N. Y. 92.

LACEY, P. J. Annie E. Taylor and James Taylor, her hus band, and Eliza Jane Sowards, plaintiffs in error, filed their bill of complaint against Worth Sowards, defendant, and others, *terre tenants*, etc. The bill shows that one Solomon Sowards departed this life April 25, 1888, testate, leaving defendant in error Annie E. Taylor and plaintiff in error Worth Sowards his two children and only heirs at law; that May 18, 1888, his last will and testament was admitted to probate in Marshall County, Ill.; that the said will has only two provisions in it: First, it provides for the payment, without delay, of his funeral and burial expenses. Second, the following provisions, over which this contest arises, viz.: "I hereby will and direct that my former wife, now divorced, Eliza J. Sowards, shall have sufficient income from my property that I may possess

at the time of my death for her support during her natural
life.    She shall also have a home on the real estate during her
natural life, to be selected by her, and at her death all right
to her or hers shall cease in said property;" which will was
dated January 28, 1884; that deceased left real estate in Mar-
shall County to the amount of about 470 acres, describing it,
and four lots in Chillicothe, Peoria County, Illinois, a part of
which rented for $15 per month; that complainant Eliza, the
person named in the will, was divorced from her husband, for
his fault, in 1875; that she claims dower only in the lots in
Chillicothe, deceased having owned them during their mar-
riage, and she selects the fifty-eight acres in W. ½ N. E. 35, in
Marshall County, under the will, as her homestead; that the
personal estate was insufficient to pay the debts of deceased.
The bill prays that the homestead be set off; that her support
be fixed and made a lien on the lands; that her dower be set
off in the Chillicothe property, and for partition of the prop-
erty, etc.    Worth Sowards answers the bill denying relief
prayed for by defendant in error Eliza and all the other
respondents, defendants.    The cause was then referred to a
special master to take proof and report to the court with his
conclusions.

The master reported June 8, 1889, after the case had been
referred to him twice, and the court heard and decided the
cause on the report and evidence taken before him.    The find-
ing of the court sustained the charges in the bill, and it entered
a decree according to its prayer.

The fifty-eight acres were awarded to defendant in error
Eliza for her home under the will, and she was also given $240
per annum for her support, beginning April 26, 1888, the date
of the testator's death.

This allowance was made payable as follows, to wit:    One-
half every six months and the installments to bear interest
after due; and the payments were made a lien, from the date
of the testator's death, on the Marshall County lands, one-half
on the share of Annie and the other on plaintiff in error Sow-
ard's share, and in default of payment defendant in error Eliza
might apply to the court for an order for the sale of the land

for the satisfaction of the defaulted payments, and that Annie and Worth were entitled to the lands subject to Eliza's rights. The decree gives Eliza dower in the Chillicothe lots. After the commissioners appointed by the court reported, dividing the Marshall County land between Annie and Worth Sowards, and reporting the Chillicothe lots could not be divided, Eliza and Annie, by consent, took their shares in the same together. The final decree then confirmed the partition, and affirmed the order of support of Eliza as in former decree, and providing that special execution issue against the lands of Annie and Worth in Marshall County, to collect the installments due to Eliza upon her filing affidavit of the default in payment thereof with the clerk of the court.

This writ of error is sued out of this court to reverse the above decree as to the making the said allowance to defendant in error Eliza J. Sowards, for her support, a lien on the said lands of deceased in Marshall County, and ordering their sale in default of payment of the installments for the satisfaction thereof.

The plaintiff in error, as stated in the abstract, does not contest the sufficiency of the evidence to support the reports of the special master and the decree providing for the sale of the land in default of payment of installments, in so far as the same may be said to be founded on the evidence, but the plaintiff in error only seeks to contest the right of the court to make the order for the payment of the installments due Eliza under the decree by the sale of the lands; so the evidence taken by the master and reduced to writing is not brought up as the transcript of the record to this court.

The defendant in error makes the point that the entire evidence should be brought up that was taken before the master, before the court can determine any question in the case, even the construction of the will; and also, that the plaintiff in error should have excepted to the master's report. The exception now sought to be taken to the decree and the master's report, and which was taken in the Circuit Court, but not before the master, was one merely of law as to the opinion and recommendation of the master as to the right

of sale of the land for the payment of defendant in error's "income" in case of default. It is doubtful whether an exception need be taken before a master to a finding or recommendation of this kind where it is a mere question of law, involving no accounting or questions of fact. We are also inclined to the opinion that a copy of the evidence before the master need not be brought to require a review of a mere question of law as to the construction of the will; but, if this court could see that the evidence not brought up might sustain the finding and decree of the court below without reference to the will, and including its provisions, then all the presumptions should be in favor of the decree, because the record does not purport to contain all the evidence. Bertrand v. Taylor, 87 Ill. 235.

We will, however, waive the question raised on these points without making a definite decision thereon, and will proceed to decide the case on the main question involved as to the true construction of the will. The language of the will is, as will be observed, the defendant in error Eliza Jane Sowards " shall have sufficient income from my (testator's) property that I (testator) may possess at the time of my (testator's) death for her support during her natural life." The word "income," as used in the above connection, has reference to what shall be received by the beneficiary of the will, and not what sum of money the estate would produce during the year by way of income.

The income of defendant in error Eliza, according to the words used by the testator, appears to us clearly to mean that sum of money yearly equal to her reasonable support, without reference to how it was derived, whether from the income of the property, or from a sale of the property itself. If the testator had designed that *her* income should have been confined to the income of *his* property left behind, he would have used words limiting her income to the income of his property; but no such words or word was used, and we can not infer any without adding words to the will that would make it very different from what it appears. Nor is there anything in the surroundings that would appear to indicate any

such intention by the deceased. He had a large estate in lands, the income of which would, no doubt, be much more than sufficient for the support of his former wife, whose living he wishes to secure, and he was, no doubt, careless as to whether it came out of the property or the income. He left it to those to whom the estate would descend to see that the property was not sold or sacrificed to supply the income for the support of Mrs. Sowards. The bequest in the will of deceased was not made dependent on Mrs. Sowards' releasing her dower right belonging to her at his death, by reason of being his former wife. He was, no doubt, well aware of those rights. Story's Equity Jur., Sec. 1088, 1088a.

The dower right was the property of Mrs. Sowards, and not of the testator, and according to the provisions of the will, the support was to come from his property. We think the decree was right and according to the established practice in such cases. Rhoads v. Golden, 28 Ill. App. 119; Maher v. O'Hara, 4 Gilm. 425.

We do not deem it necessary to notice any other points raised in the case. The decree of the court below is therefore affirmed.

*Decree affirmed.*