JEREMIAH SLOCUM et al.

v.

FRANK C. O'DAY et al.

*Opinion filed June 18, 1898—Rehearing denied October 5, 1898.*

1. PLEADING—*party presumed to be a bona fide purchaser in absence of contrary averment.* Parties purchasing from a mortgagor, who are afterwards made defendants to a bill to reform the mortgage by adding a seal and correcting the description and to compel the mortgagor to perform his contract, are presumed to be *bona fide* purchasers for value, in the absence of any averment to the contrary.

2. NOTICE—*mortgagee not entitled to relief against bona fide purchasers from mortgagor without notice.* A mortgagee is not entitled to relief against parties who, for valuable consideration, have purchased the property from the mortgagor without actual notice of the mortgagee's rights, unless they are in some manner chargeable with constructive notice thereof.

3. SAME—*extent of recording of mortgage as constructive notice—misdescription.* The record of a mortgage operates as constructive notice only so far as the property is correctly described, unless it is apparent from the record itself that there is a misdescription.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

EUGENE H. GARNETT, for appellants:

The entry books and indexes kept by recorders may be used to show errors in the full written records. Purchasers are charged with whatever these indexes show, or would show if properly kept. The indexes should show all property that is or may be affected by each instrument filed for record. *Cook* v. *Hall*, 1 Gilm. 575; *Merrick* v. *Wallace*, 19 Ill. 486; *Booth* v. *Tiernan*, 109 U. S. 205.

An unsealed instrument may be sufficient to create an equitable title, and the record of such an instrument, if it is in the apparent chain of title, will charge purchasers with notice of all it contains. *Peckham* v. *Haddock*, 36 Ill. 39; *Doyle* v. *Teas*, 4 Scam. 202; *Powell* v. *Jeffries*, id. 389; *Lyman* v. *Gedney*, 114 Ill. 389; *Wadsworth* v. *Wendell*, 5 Johns. Ch. 225.

The record of informal, or even void, instruments executed by one in the apparent chain of title charges subsequent purchasers with notice. *Morrison* v. *Brown,* 83 Ill. 564; *Cross* v. *Weare Commission Co.* 153 id. 499.

If an instrument is ambiguous it is construed most strongly against the grantor. Every word and clause of a deed is to be given, if possible, its proper and apparent meaning. *Alton* v. *Transportation Co.* 12 Ill. 56.

A recital in a recorded agreement for the sale of lands, of unrecorded contracts affecting them, is equivalent to a recording of the contracts. *Crawford* v. *Railroad Co.* 112 Ill. 314.

Errors of description are immaterial if the false portion may be stricken out and enough left to locate the premises. *Myers* v. *Ladd,* 26 Ill. 417; *Petersen* v. *Neff,* 80 id. 27; *Sharp* v. *Thompson,* 100 id. 449; *Swift* v. *Lee,* 65 id. 339; *Casler* v. *Byers,* 129 id. 657; *Allen* v. *Bowen,* 113 id. 53; *Kruse* v. *Scripps,* 11 id. 99.

The rule is the same in such cases, even against subsequent *bona fide* purchasers. *Bank* v. *Dayton,* 116 Ill. 258; *Bowen* v. *Galloway,* 98 id. 45; *Rich* v. *Trustees,* 158 id. 247.

JOHN H. BRADLEY, and FRANK P. SCHMITT, Jr., for appellees:

To impart constructive notice there must be a recorded assignment of the contract creating the lien. *Howard* v. *Ross,* 5 Ill. App. 456; *White* v. *Sutherland,* 64 Ill. 181; *Edgerton* v. *Young,* 43 id. 467; *Towner* v. *McClelland,* 110 id. 542; *Turpin* v. *Ogle,* 4 Ill. App. 611; *Smith* v. *Keohane,* 6 id. 585.

Constructive notice of the contents of an instrument purporting to be a deed without a seal is not imparted by recording it. Such an instrument is void as a deed. Starr & Cur. Stat. chap. 30, secs. 1, 29.

A purchaser from an apparent owner is only charged with notice of recorded instruments which lie in the apparent chain of title of the property purchased. *Manly* v. *Pettee,* 38 Ill. 130; *Grundies* v. *Reid,* 107 id. 304; *Kerfoot* v.

*Cronin*, 105 id. 609; *Railroad Co.* v. *Wright*, 153 id. 307; *Irish* v. *Sharp*, 89 id. 261; *Cunningham* v. *Thornton*, 28 Ill. App. 58; *Langworthy* v. *Golden*, id. 119.

A mortgage must be sealed. *Peckham* v. *Haddock*, 36 Ill. 43.

Recording an instrument not entitled to be recorded does not impart constructive notice. *St. John* v. *Conger*, 40 Ill. 535.

Appellees are presumed to be purchasers for value, in the absence of averments to the contrary. *Ryder* v. *Rush*, 102 Ill. 338; *Grundies* v. *Reid*, 107 id. 304.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county sustained demurrers to appellants' amended bill in this case and dismissed it. The facts appearing from the amended bill and admitted by the demurrers are as follows: Frank C. O'Day, one of the defendants, entered into separate written contracts with three of the other defendants to sell each of them a different lot in block 2, in Harnstrom's addition to Oak Park, Cook county, Illinois, in section 17, township 39, range 13, east of the third principal meridian. One of these contracts was with Tillie Hofwald for the conveyance of lot 38, and she gave as part of the consideration her notes amounting to $475. Another was with Helen Rasmussen for lot 39, and she gave notes amounting to $500. The third was with Edward Seaver for lot 25, and he gave notes amounting to $500 as part consideration. Each contract reserved to O'Day the right to forfeiture, at his option, on non-payment of the notes. Later, on March 25, 1893, O'Day sold all the notes ,which still remained unpaid to Jeremiah Slocum, one of the complainants, and signed and acknowledged a paper in the form of a trust deed, which had no seal and was therefore not effective as a trust deed, conveying to Samuel H. Wright, the other complainant, as trustee, another lot in Chicago to secure

the performance of the agreements contained in said instrument. This document recited that O'Day had made contracts for the sale of lots "in Harnstrom's addition to Oak Park, being a subdivision of the east half of the west half of the north-west quarter of the north-west quarter of section 11, township 39, north, range 13, east of the third principal meridian, in Cook county, Illinois," misdescribing the premises. It also recited the sale of the notes to Slocum, and O'Day agreed that if any of the makers failed to pay their notes, he would, at the request of the legal holders of such notes, declare a forfeiture of the contracts and make a deed or deeds to such legal holders. It was also provided that in case of default or a breach of any of the covenants or agreements contained in this intended trust deed it should be lawful for the trustee to file a bill for foreclosure, and obtain a decree for the sale and conveyance of the lot thereby conveyed to satisfy the notes sold to Slocum, and interest and costs, but the taking and giving of this trust deed were to be without prejudice to any rights which the legal holders of the notes might have against the makers. This instrument was filed for record in the recorder's office in Cook county on the day it was made. On December 19, 1894, O'Day conveyed lot 25 to Johanna Nielsen. On October 25, 1895, he conveyed lot 39 to John T. Sutor, and on May 6, 1896, the title of lot 38 passed by conveyance to Ira L. Parker. The bill stated that all the notes had matured, and stated the amounts due on them, respectively, and that Slocum had requested O'Day to declare a forfeiture and to make a deed or deeds to him. The bill made the present owners, with their wives, and the original parties with whom O'Day contracted, defendants, and prayed for a reformation of the instrument intended as a trust deed by adding a seal, so as to make it valid, and striking out the erroneous description, and that defendant O'Day should be declared to specifically perform the agreement as reformed, by declaring forfeitures of the

contracts and conveying the property to Slocum, the holder of the notes, or if that relief should be denied, then for a foreclosure of the contracts made by O'Day with said other defendants, and for a personal decree against O'Day in case of foreclosure for any deficiency.

It was not alleged in the bill that the grantees of O'Day were not *bona fide* purchasers of the lots conveyed to them. They are therefore presumed to be such, and it is substantially conceded by counsel that such is the fact. O'Day has disqualified himself from making a conveyance by conveying the premises to others, who are not claimed to be other than *bona fide* purchasers for value, without actual notice of Slocum's equity, unless they have had constructive notice by virtue of the record of the attempted trust deed. There could, of course, be no specific performance against them, or any relief granted under either prayer of the bill, unless they had such notice. Waiving all other questions as to the effect of recording such an instrument as notice, we are of the opinion that it did not operate as notice in this case for want of a proper description of the premises. The instrument described the lots as being in Harnstrom's addition to Oak Park, being a subdivision of a certain portion of section 11. The bill alleged that Harnstrom's addition, where these lots were situated, is in section 17, and that there is no other Harnstrom's addition in Cook county. There was no averment that O'Day's grantees knew that there was but one such addition, and there is no reference in the instrument to a recorded plat, or anything which could give notice of the error. In a case where the notice is constructive, and not actual, and rests only upon the record of an instrument, if there is a misdescription of a substantial nature the record will not operate as constructive notice and a *bona fide* purchaser will not be affected by it. The record is notice so far as land is correctly described, and no further, unless it is apparent from the record itself that there is such a misdescription.

Wade on Law of Notice, secs. 174-176; *Rodgers* v. *Cavanaugh*, 24 Ill. 583; *Wait* v. *Smith*, 92 id. 385; *Grundies* v. *Reid*, 107 id. 304; *Bullock* v. *Battenhousen*, 108 id. 28.

The cases relied on by appellants do not sustain the claim that as against subsequent *bona fide* purchasers of a tract of land the record of a false description apparently describing other land will operate as notice where there is no other element of notice. In *Bowen* v. *Galloway*, 98 Ill. 41, the trust deed conveyed lot 4 and there was an original lot and a sub-lot of that number in the block, but the trust deed further gave substantially the dimensions of the sub-lot and described it as having a two-story frame dwelling house thereon. The record showed that the sub-lot was the one described. In *Citizens' Nat. Bank* v. *Dayton*, 116 Ill. 257, the premises were described as a part of lot 25 and the mortgagor was in possession of them. The error was in bounding the premises by commencing at the wrong corner of the lot. It was evident from the record that a misdescription of the lot had been made, as the boundaries given would carry the premises off from that lot. The mortgagor continued in possession until long after the bank had obtained its judgment, and the description as a part of lot 25 was deemed sufficient. In *Rich* v. *Trustees of Schools*, 158 Ill. 242, the premises were misdescribed, but the grantees took possession and commenced the erection of a brick school house thereon. The fact of possession was held sufficient to give notice to prevent a subsequent deed from becoming effective to pass the title to another. We have been referred to no case where, as against *bona fide* purchasers, there was no notice except by the record and the mistake did not appear in the instrument itself, where such purchasers have been held bound to take notice of what was intended by the instrument. There is nothing in this description to lead one to suppose that there was not a subdivision made by Harnstrom of the tract in section 11 described in the instrument intended

as a trust deed, and there is nothing but the record which is claimed to have operated as notice.    The bill did not show such facts as entitle the defendants to the relief prayed for.

The decree of the circuit court is affirmed.

*Decree affirmed.*