## James Daniels, Appellee, v. Commodore Carr et al. Alice J. Elliot, Appellant.

MORTGAGES—*assignee of mortgage not liable to purchaser assuming mortgage debt for payments made to original mortgagee after assignment.* The general rule is that where the assignee of a mortgage fails to notify the mortgagor of his acquisition of the mortgage, such mortgagor is entitled, in the absence of knowledge of the transfer of the security, to show in equity as against the assignee, all payments made upon the mortgage, after the assignment, to the mortgagee, and the assignee to protect himself from payments made to the mortgagee must give notice to the mortgagor of the assignment; this rule, however, does not extend to a subsequent purchaser of the property who assumes and agrees to pay the mortgage debt, and he is not entitled to credit for payments made to the original payee after the note and mortgage have been assigned and the assignment filed for record.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924. Rehearing denied October 4, 1924.

D. E. KEEFE, S. W. BAXTER and H. G. MILLER, for appellant; C. P. WISE, of counsel.

BARTHEL, FARMER & KLINGEL, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The sole contention in this case is that the court should have allowed appellant credit on the mortgage for all payments made by her to the original mortgagee after the note had been indorsed and an assignment of the mortgage had been filed for record. The premises were conveyed to appellant subject to the mortgage which she assumed and agreed to pay. The mortgage fell due June 25, 1918, and the assignment was filed for record September 21, 1920. At the time of the assignment appellant had paid $984.00 and the note bore an indorsement of a payment of $500.00 on principal and interest paid to August 28, 1920. She was allowed credit for all payments made prior to the assignment. She paid $1,253.00 to the original mortgagee after the assignment was filed for record and the court refused to allow her credit therefor.

The general rule is that where the assignee of a mortgage fails to notify the mortgagor of his acquisition of the mortgage, such mortgagor is entitled, in the absence of knowledge of the transfer of the security, to show in equity, as against the assignee, all payments made upon the mortgage, after the assignment, to the mortgagee. *Bensley v. Bartholf*, 137 Ill. App. 420; 234 Ill. 336; *McAuliffe v. Reuter*, 166 Ill. 491. The assignee to protect himself from payments made to the mortgagee must give notice, to the mortgagor, of the assignment. *Gemkow v. Link*, 225 Ill. 21. It has been held, however, that the rule does not apply to a purchaser who assumes and agrees to pay the mortgage debt. *Schultz v. Sroelowitz*, 191 Ill. 249.

Appellant insists that this case should be distin-

guished from the *Schultz* case because she was in possession under a bond for deed which had been filed for record before the mortgage was executed and before the premises were conveyed to her. If the bond was recorded neither the abstract nor the transcript of the record discloses the fact. We must assume, therefore, that it was not. The assignee was not chargeable with notice of appellant's rights or her duty to pay the mortgage by reason of the recital in the deed by which she acquired the title to the premises as that deed was made subsequent to the recording of the mortgage. *Miller v. Larned,* 103 Ill. 562; *Schultz v. Sroelowitz, supra.*

The doctrine of an innocent purchaser for value, which applies to commercial paper, has no application to a mortgage. The assignee of a mortgage knows that it is not assignable at common law but only in equity and that he takes it subject to all existing equities in favor of the mortgagor. *King v. Harpster,* 306 Ill. 202-209. That being true he stands in the same position whether he purchases the mortgage before or after maturity. But while he takes it subject to the equities of the mortgagor he does not hold it subject to the latent equities of third persons of whose rights he has no notice. *Peacock v. Phillips,* 247 Ill. 467-473; *Humble v. Curtis,* 160 Ill. 193; *Himrod v. Gilman,* 147 Ill. 293.

At the time of the assignment all payments had been credited on the mortgage debt and the mortgagor had absolutely no defense to the balance then due. Appellant had a latent equity as in the *Schultz* case, of which the assignee had no notice and in regard to which he was under no obligation to make inquiry. The decree does not deprive appellant of any defense that existed at the time of the transfer. The whole trouble is due to the fact that she made subsequent payments to the mortgagee without seeing that they were credited on the debt which she had assumed and agreed to pay. We see nothing in this case that would

warrant us in distinguishing it from the *Schultz* case, *supra*.

In *Towner v. McClelland,* 110 Ill. 542, at page 551, the court said: "The equitable assignee, to protect his rights against a payment by the mortgagor to the mortgagee, must give the former notice, actual or constructive, of its assignment. He may place the assignment on record, or give notice of the assignment to the mortgagor." While the court was there considering an assignment before maturity, yet, as such an assignee takes the mortgage subject to the equities of the mortgagor, he stands in the same position as an assignee after maturity. If the *Towner* case is good law we see no reason why the recording of the assignment in the case at bar was not sufficient notice to appellant that she should make no more payments to the mortgagee.

The note and mortgage were assigned by the original mortgagee to Frank W. Paderer on September 21, 1920, and the assignment of the mortgage was filed for record on September 21, 1920. Paderer assigned the note to James Daniels on April 14, 1921, and delivered it and the mortgage to him. The original mortgagee never had the note or mortgage in his possession after the assignment to Paderer and was not authorized by Paderer or Daniels to collect the amount due or any part of it. All payments made by appellant after the assignment were made to the original mortgagee who paid Paderer the interest to June 25, 1922, and he in turn paid it to Daniels, but no part of the payments on principal was paid to either of the assignees. If appellant had made the payments to Paderer after the assignment to him instead of to the original mortgagee and he had failed to turn them over to Daniels a question would be presented which it is not necessary to decide.

It is argued, in effect, that as the indorsement was after maturity the note itself was then a non-negotiable instrument, a mere chose in action, and that the

assignee to protect himself against future payments to the original payee was required to give actual notice of the assignment; that having failed to give such notice appellant would be entitled to credit for all payments made to the original payee in an action on the note; that it is therefore, highly inequitable to allow a foreclosure for more than could be recovered in an action at law. In that connection appellant relies upon Cahill's Ill. St. 1921, ch. 98, ¶ 12. That statute permits the maker of a note to set up the same defenses against an indorsee after maturity that he could if the suit were brought by the original payee. Appellant was not the maker of the note and the statute does not apply to her. When she assumed and agreed to pay the mortgage indebtedness she became liable to the holder thereof who could sue her at law, not on the note, but on her agreement to pay. *Dean v. Walker,* 107 Ill. 540. While the assignee of a promissory note, after maturity, takes it subject to equities then existing between the original parties, *Lock v. Fulford,* 52 Ill. 166, yet its negotiability does not cease at maturity. *Justice v. Stonecipher,* 267 Ill. 448. The assignee of a note before maturity is not required to give the maker notice of the transfer, but the latter must ascertain who is the holder of the note. *Mobley v. Ryan,* 14 Ill. 51. We know of no rule of law that requires the indorsee of a negotiable note who takes it after maturity to give the maker notice of the assignment in order to protect his rights in so far as a suit on the note is concerned.

On the contrary it has been frequently held that a payment to the original payee who had no authority from the indorsee to accept payment and did not have possession of the note is no defense against the indorsee though he acquired the note after maturity and the maker did not know of the transfer at the time he made the payment. *Baxter v. Little,* 6 Metc. (Mass.) 7; *Davis v. Miller,* 14 Gratt. (Va.) 1; *Coffman*

*v. Bank of Kentucky,* 41 Miss. 212; *Adair v. Lenox,* 15 Ore. 489, 493; *Calhoun v. Ainsworth,* 118 Ark. 316, 176 S. W. 316; *Powers v. Woolfolk,* 132 Mo. App. 354, 111 S. W. 1187. In *Bank of Stockton v. Jones,* 65 Cal. 437, and *Haywood v. Seeber,* 61 Iowa 574, the courts held otherwise because of special statutes which made past due notes nonnegotiable and subject to the rules applicable thereto.

We are of the opinion that, in any view of the case, appellant has failed to show that she is entitled to credit for payments made to the original payee after the note and mortgage had been assigned and the assignment filed for record. The decree is affirmed.

*Affirmed.*