CALIFORNIA DOUTHIT ET AL. V. S. L. ROBINSON ET AL.

(Case No. 4309.)

1. DESCRIPTION — DEED.— However full and precise may be the description of a survey in a deed or field notes, still, to identify it on the ground, resort must be had to personal knowledge or other information or extrinsic evidence. If by this knowledge, information or evidence, when applied to the description contained in a deed or field notes, the land can be found and identified on the ground with reasonable certainty, the description should not be held void for ambiguity.

2. FACT CASE — DESCRIPTION IN DEED.— See statement and opinion for a description of land contained in a deed deemed sufficient with the aid of extrinsic evidence determining its locality, and the deed to which, when recorded, was held to operate as constructive notice to subsequent purchasers.

ERROR from Collin. Tried below before the Hon. R. R. Gaines.

Suit in trespass to try title to six hundred and forty acres of land, part of the James Osgood survey in Collin county, brought by plaintiffs below, California Douthit *et al.*, and who are plaintiffs in error, against defendants below and defendants in error, S. L. Robinson *et al.*

Both parties claim under Ambrose Douthit as a common source — the plaintiffs through a deed from him to Presley J. Douthit to six hundred and forty acres, of date October 24, 1857, duly recorded December 12, 1857; the defendants through a subsequent deed, also from said

Ambrose Douthit, to King and Johnson to twelve hundred and sixty and one-half acres, including the land in controversy, of date September 4, 1863.

On the trial below, the cause was submitted to the presiding judge, who, after inspecting the deed offered in evidence, under which plaintiffs claim, from Ambrose Douthit to Presley J. Douthit, and after hearing parol evidence as to the identity of the land, held that the deed was void for uncertainty in the description, rejected the parol evidence of identity and rendered judgment for the defendants, from which this writ of error was prosecuted. The above ruling was assigned as error.

The granting part of this deed reads as follows:

"The state of Texas, county of Collin. Know all men by these presents, that I, Ambrose Douthit, of said county and state, for and in consideration of the natural love and affection which I have for my son, Presley J. Douthit, of the same residence, I have bargained, sold, given, granted, alienated and conveyed, and do by these presents bargain, sell, alien and convey, unto my said son Presley J. Douthit, six hundred and forty acres of land situated in Collin county in said state, located, surveyed and patented in the headright certificate of James Osgood, the patent being No. 158, vol. 12.

"Beginning at a stake or post one hundred and fifty varas east of an elm tree on the north boundary line; thence south three-fourths of a mile to a post; thence east, north and west so as to make six hundred and forty acres, or include the above amount."

The following is substantially the parol evidence offered to identify the land:

It was proven on the trial by T. B. Wilson, county surveyor of Collin county, Texas, that he surveyed the land in controversy in 1871, and again in 1876 under an order of court; that he made the north line of the James Osgood survey the north line of the six hundred and forty acres

in controversy, and that he located the west line of the six hundred and forty acres one hundred and fifty varas east of an elm tree pointed out to him in 1871 by J. M. Douthit as the elm tree called for in the deed from Ambrose Douthit to Presley J. Douthit, dated on the 24th of October, 1857, which deed was shown to him at the time.

The elm tree is situated four hundred and thirteen varas south of north line of the James Osgood survey and one thousand nine hundred and fifty-seven varas east of its west line. The tree is sixteen or eighteen inches in diameter; is rather a noted tree; and stands isolated. There are no other trees near it except some small ones; one elm sapling north of it, the balance were hackberry of small size. It was the only large tree there.

On cross examination he said:

"The ⋈ on the tree did not seem to be an old mark; don't think it could be made as early as 1857. The elm is four hundred and thirteen varas south of the north line of Osgood survey. The line is in the prairie. There might have been some other elms around there. I do not recollect any but the lone elm. The other timber is undergrowth and brush, grown up in the last three or four years."

The plaintiffs also proved by Presley J. Douthit that when Ambrose Douthit conveyed the six hundred and forty acres of land in controversy to him in 1857, themselves and J. M. Douthit were on the Osgood survey standing at the house of Ambrose Douthit, about half a mile south of the elm tree called for in the deed; that it was agreed that the north line of the Osgood survey should be the north line of the six hundred and forty acres; and that the west line of the six hundred and forty acres should be one hundred and fifty varas east of the elm tree, so as to leave a spring, which was south of the elm tree, west of the six hundred and forty acres. The elm tree was supposed to be near the north line of the

Osgood survey, which had not then been run. J. M.
Douthit drew the deed. There were some hackberries
south of the elm tree in the branch; an elm sapling north
of it. It is a prairie country. I was present when Wil-
son surveyed the land in 1871. J. M. Douthit pointed
out the elm tree to Wilson. It was the same elm tree
pointed out by his father in 1857 when he deeded the
land.

It was proved by J. M. Douthit that he wrote the deed
from Ambrose Douthit to Presley J. Douthit on the 24th
day of October, 1857, to the land in controversy; that the
six hundred and forty acres was taken out of north part
of Osgood survey, beginning at a stake or post in north
line of said Osgood survey, one hundred and fifty varas
east and four hundred and thirteen varas north of an elm
tree pointed out to him as a bearing tree to the beginning
corner of said six hundred and forty acres by Ambrose
Douthit, when he wrote the deed. He has seen the tree
since; and pointed it out to T. B. Wilson, county surveyor,
in 1871, as the tree intended to mark the beginning
corner of the six hundred and forty acres.

John McMinn, a witness for defendants, stated he lived
on adjoining survey since 1857. There was no elm tree
on north line of Osgood survey, but there was a good
sized elm tree about three or four hundred yards from
north line of said survey and about a mile from its west
line; no elm trees on north line of Osgood survey, ex-
cept some within fifty or one hundred yards of northeast
corner. It is a prairie country.

*L. D. Murphey, Richard Maltbie* and *M. H. Garnett,*
for plaintiffs in error.

*Throckmorton, Brown & Bro.,* for defendants in error.
I. The description given in the deed from Ambrose to
P. J. Douthit, and from P. J. to Dora R. Douthit, was

too indefinite to give notice to subsequent purchasers of the locality of the land conveyed.

II. The registration of the deeds was no notice, and King and Johnson were innocent purchasers in good faith, for a valuable consideration paid without notice. Watkins v. Edwards, 23 Tex., 000.

BONNER, ASSOCIATE JUSTICE.— The question presented for our decision is this: Did the court below err in deciding that the description of the land claimed by plaintiffs, California Douthit et al., given in the prior recorded deed from Ambrose Douthit to Presley J. Douthit, under which plaintiffs deraign their title, was void for ambiguity, and in rejecting parol evidence to identify the land, as against defendants Robinson et al., who deraign title under the subsequent deed from Ambrose Douthit to King and Johnson ?

This deed from Ambrose Douthit to Presley J. Douthit, after describing the land as six hundred and forty acres in Collin county, state of Texas, part of a tract located, surveyed and patented by virtue of the headright certificate of James Osgood, patent being No. 158, vol. 12, gives this further description: "Beginning at a stake or post one hundred and fifty varas east of an elm tree, on the north boundary line; thence south three-fourths of a mile to a post; thence east, north and west, so as to make six hundred and forty acres, or include the above amount."

However full and precise may be the description of the survey in a deed or field notes, yet to identify it on the ground, resort must be had to personal knowledge or other extrinsic information or evidence. If by this knowledge, information or evidence, when applied to the description contained in the deed or field notes themselves, the land can be reasonably found and identified on the ground, this description should not be held void for am-

biguity.  Blake *v.* Doherty, 5 Wheat., 359; Hughes *v.* Sandal, 25 Tex., 162; Booth *v.* Upshur, 26 Tex., 64; Norris *v.* Hunt, 51 Tex., 609.

The deed under consideration, by which the plaintiffs, California Douthit *et al.*, claim the six hundred and forty acres of land in controversy, states the county in which it is situated; and that it is part of a patented survey, designated by name, number and the volume.  The beginning corner is fixed on the north boundary line of this established survey at one hundred and fifty varas east of an elm tree.

If this tree had been marked so that it could be ascertained and distinguished from other trees, this would have been a compliance with one of the usual and sufficient tests as to locality and identity, generally made by surveyors. If, however, under the circumstances, it otherwise could be reasonably identified, this would be sufficient.

It was in evidence that the north line of the Osgood survey called for was in a prairie; that the elm tree pointed out as the one referred to in the deed is an isolated or lone elm, sixteen or eighteen inches in diameter, and rather a noted tree.  Although shown not to have been immediately on the north line, but four hundred and thirteen varas south of it, yet it was also in evidence that there was no elm tree directly on the north line, and that this tree was designated and pointed out at the time the deed was made as the one therein referred to, and that it was supposed to be near the north line, which had not then been run out, of the Osgood survey.

This line being in the prairie, as is well known, the usual tests of marked lines would not be found on the ground.

Under these circumstances, we think that the description of the land, as between Ambrose Douthit and Presley J. Douthit, and the plaintiffs who claim under the

latter, was sufficient, with the aid of the parol evidence offered, to identify the six hundred and forty acres as claimed by the plaintiffs.

Even had the description been less certain the deed might have been used as evidence in a proper proceeding in equity to compel Ambrose Douthit to make a more perfect deed, or to convey the quantity of land actually sold.

This deed to Presley J. Douthit having been duly recorded years before the deed from Ambrose Douthit to King and Johnson, under which defendants claim, was constructive notice at least of the former transaction between Ambrose and Presley J. Douthit; and it reasonably appears from the record that the lands claimed by King and Johnson must necessarily have conflicted with the six hundred and forty acres on the north line, claimed by plaintiffs under the prior deed to Presley J. Douthit; and hence defendants would be chargeable with constructive notice of the rights of the plaintiffs.

We think that the court erred in deciding that the description in the deed from Ambrose to Presley J. Douthit, of the land claimed by plaintiffs, was void for ambiguity, and in rejecting parol evidence to identify it, for which the judgment below must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 15, 1881.]