MRS. LOUISE CLEMENTZ V. M. T. JONES LUMBER COMPANY.

No. 3454.

1. **Registration of Mortgage—Notice.**—A mortgage duly recorded describing the note secured thereby, save that the amount was not given, is constructive notice to subsequent mortgagees.

2. **Same.**—The note and the mortgage referring to it form parts of the contract between the parties and should be read together. Hence the record of the mortgage directs attention to the note and charges notice of its contents.

APPEAL from Kaufman. Tried below before Hon. ANSON RAINEY.

The contents of the mortgage so far as discussed in the opinion are set out in the brief of the appellee. The opinion gives other necessary facts.

*Word & Charlton*, for appellant.—1. The court erred in its conclusion of law, that "the record of the mortgage given by A. Clementz to

secure payment of said $6000 note was not constructive notice to plaintiff of the debt secured thereby, for the reason said mortgage failed to state the amount of said note," because said mortgage otherwise sufficiently described said note, and the record thereof was sufficient to put plaintiff on inquiry.　1 Jones on Mort., sec. 344; 4 Wait's Act. and Def., p. 522; Crews v. Taylor, 56 Texas, 466; 61 Texas, 687; 29 Texas, 223; 38 N. H., 22; 2 Washb. on Real Est., p. 158; Wade on Law of Notice, secs. 180, 183; Barker v. Barker, 62 N. H., 366; Hurd v. Robinson, 11 Ohio St., 232; Kramer v. Bank, 15 Ohio St., 253; Bell v. Fleming's Executors, 12 N. J. Eq., 16; Schuster v. La Londe, 57 Texas, 28; Graham v. Hawkins, 1 Posey's U. C., 519.

2.　Where the mortgage gives date and maturity of note intended to be secured, the rate of interest it bears, and the names of the maker and payee, its record will be constructive notice to subsequent mortgagees of the debt secured sufficient to put them upon inquiry.

*William H. Allen*, for appellee.—1.　A mortgage given to secure an ascertained debt which fails to state the amount of such debt, or to disclose other facts by which from an inspection of the mortgage the amount may be ascertained with reasonable certainty, is fraudulent and void as to subsequent purchasers.　The mortgage of appellant purports to have been given to secure a promissory note of the same date as the mortgage, and the only description whatever of this note contained in the mortgage is as follows:　"Conditioned, that if I, the said A. Clementz, shall well and truly pay off and discharge a certain promissory note bearing even date herewith, executed by me to said Louise Clementz, due four years from date, with interest from date at the rate of 10 per cent per annum (this conveyance having been made to secure the said Clementz in the prompt payment of said note), then this obligation to become void, otherwise to remain in full force and effect."

No reason or excuse is given for not describing the amount of the note, nor does the appellant claim that the omission was one of mistake or inadvertence.　The debt and mortgage of the M. T. Jones Lumber Company fell due November 1, 1889, and on December 18 thereafter the second mortgage, fully describing the debt, is given by A. Clementz to the appellant in lieu of the mortgage given her February 7, 1885.　When this second mortgage was given the first had still more than three years to run before it would be barred by limitation, and no reason is assigned by appellant for making this early substitution.　Rev. Stats., arts. 4332, 4334; Wade on Notice, secs. 178, 272; Bullock v. Battenhousen, 108 Ill., 28; Hart v. Chalker, 14 Conn., 77; Pierce v. Hall, 12 Bush. (Ky.), 209; Brown v. Beebee, 1 D. Chipman, 227; Same Case, 6 Am. Dec., 728; 1 Jones on Mort., sec. 344.

2.　Notice by registration is a matter purely of statute, and when it is sought to secure such notice the instrument recorded must contain

all rights conferred by it, and purchasers and creditors are only charged by construction with notice of the facts actually exhibited by the record, and not with such as might have been ascertained by such inquiries as an actual examination of the record might have induced a prudent man to make. McLouth v. Hurt, 51 Texas, 115; Taylor v. Harrison, 47 Texas, 457; Shirras v. Caig, 7 Cranch, 34; Wilson v. Wall, 6 Wall., 91; Wright v. Lancaster, 48 Texas, 250; 2 Pome. Eq. Jur., sec. 654, p. 97; Wade on Notice, sec. 177; Frost v. Beekman, 1 Johns. Ch., 288; Beekman v. Frost, 18 Johns., 544; Gilchrist v. Gough, 63 Ind., 576, Sanger v. Craigue, 10 Vt., 555; Peck v. Mallams, 10 N. Y., 519; Turbeville v. Gibson, 5 Heisk., 579.

FISHER, JUDGE, *Section B.*—Appellee brought this suit against A. Clementz in the District Court of Kaufman County, April 18, 1891, to recover balance due on promissory note and to foreclose a mortgage lien on lot 12, in block 78, Terrell, Texas, for its payment. Said Clementz filed only a general denial, and has not appealed from the judgment.

June 23, 1891, the wife of A. Clementz (Louise) by leave of the court became a party to the suit, and alleged that her husband owed her a large sum of money, covered by a promissory note, which she described; that same was past due, and that the consideration therefor was her separate funds; that she had a mortgage lien on said lot 12, among other property, for the payment of said debt; and that said mortgage antedated that of appellee, and was duly of record when the latter was executed. She alleged that appellee had notice of her said lien at date of its said mortgage; that the property covered by her said mortgage was not of value sufficient to pay her debt. She asked judgment against her husband for the debt, and against both him and appellee for the foreclosure of her mortgage lien.

The appellee filed a supplemental petition, and thereby alleged that the record of Louise Clementz's mortgage did not constitute constructive notice to it, for the reason it failed to give amount of the debt secured; and it denied having actual notice.

June 24, 1891, the cause was tried by the court without a jury, and judgment was rendered in favor of appellee, it being held that the record of the Louise Clementz mortgage did not constitute constructive notice to appellee. Appellant recovered judgment as prayed for against her husband.

The court below finds that the mortgage executed to appellant by her husband was executed and recorded prior to the execution of the mortgage to appellee, and that the mortgage to appellant did not state the amount of the note or debt therein described, although in other respects it described the note and debt; and said instrument stated that it was given to secure the prompt payment of said note, giving a description thereof, with the exception that the amount is not stated;

and further, that appellee had no actual notice of the existence of said mortgage or of the amount of said note.

The court held that for the reason of the mortgage to appellant failing to state the amount of the note or debt secured, its registration was not constructive notice to appellee of any right in appellant under said mortgage.

Whether this finding of the court is or is not correct is the sole question for our determination. The simultaneous execution and delivery of two or more instruments of writing between the same parties concerning the same subject matter constitutes the contract between the parties, and such several instruments should be looked to in giving effect to the contract. McKelvain v. Allen, 58 Texas, 386. The mortgage to appellant shows that the note was executed with it, and refers to the note and in effect makes it a part of the contract created by the mortgage. The mortgage gives an accurate description of the note and debt secured, with the exception that the amount is omitted.

There is some conflict in the authorities on the question here presented. A few cases are found which in effect hold that the registration of a mortgage with the amount of the debt therein not stated is not effective as constructive notice; that the record must inform the otherwise innocent subsequent mortgagee or purchaser with notice of the amount of the debt secured by the prior mortgage. Those courts that thus decide the question are not always in accord in the reasons given that lead them to this common result. Those cases that so hold and the reasons therein given upon which the decisions are based do not meet our approval as presenting the correct rule, and are against the weight of authority upon the subject.

The question before us was directly passed upon in the case of Fites v. O'Loughlin, 62 Iowa, 532, in which the court say: "A mortgage given as security for the payment of money operates to secure the debt contemplated by the parties, and will remain valid as long as the debt remains unpaid. This is so even if there be changes in the note given by the debtor to the creditor, by the cancellation of the note first given and the execution of a new one; so the mortgage will secure the increase of the debt by interest. As long as the debt remains unpaid the mortgage is valid. The amount of the debt need not be shown upon the face of the mortgage if reference be made to other evidence thereof from which the true amount of the debt may be determined. Were the rule otherwise, the increase of the debt by interest or its diminution by payments would affect the validity of the instrument. The true amount of the debt secured can not always be discerned from the mortgage, however accurately the note may be described therein. But if there be such a reference to the note and the party executing it as will direct inquiry which will lead to the discovery of the amount of the debt, the mortgage is regarded as valid. It is a familiar rule of law

that all written instruments referred to in deeds and contracts with sufficient explicitness to identify them are to be regarded as so far constituting a part of such deeds and contracts as to be read with them in order to determine their terms and conditions.   In the case before us the note secured by the mortgage is referred to by its date, the name of the maker, the day of its maturity, and the rate of interest.  Surely this reference is sufficient to identify the note and authorize it to be read in order to determine the terms of the mortgage.   The record of the mortgage imparted notice to defendants that the amount of the note was to be determined by that instrument itself to which reference was made."

We think this case announces the law upon the subject.  In the Iowa case, as here, the controversy was between a prior mortgagee whose mortgage as recorded did not state the amount of the note secured (but otherwise identified it by descriptive reference) and a junior mortgagee who claimed his incumbrance without notice.

In point on the question supporting our views are the following authorities·  Stoughton v. Pasco, 13 Am. Dec., 73; Babcock v. Lisk, 57 Ill., 329; Ricketson v. Richardson, 19 Cal., 350; Ins. Co. v. Brown, 11 Mich., 270; Bryan v. Gordon, 11 Mich., 532; Aull v. Lee, 61 Mo., 165; Williams v. Bank, 72 Mo., 295; Keys v. Bump, 59 Vt., 397; Barker v. Barker, 62 N. H., 366; Bank v. Roberts, 38 N. H., 24; Wade on Notice, secs. 180–183; Jones on Chat. Mort., sec. 86; 1 Jones on Mort., sec. 344; Kellogg v. Frazier, 40 Iowa, 503; Gill v. Perry, 12 Ohio St., 46.

It is true that registration is only constructive notice of what appears upon the face of the record.   But the record of the mortgage in this case expressly refers to the note and identifies it and makes it a part of the instrument that is spread upon the record.   A subsequent mortgagee dealing with the land is charged with notice of such facts as are disclosed by the terms of the note that constitutes a part of the recorded instrument by reason of the recitals therein contained.   The court erred in holding that the registration of appellant's mortgage was not notice to appellee.

We conclude the case should be reversed and remanded, and so report it.

*Reversed and remanded.*

Adopted December 8, 1891.


A motion for rehearing was refused.