R. A. WISEMAN v. C. B. WATTERS ET AL.

No. 2391.    Decided March 24, 1915.

1.—Record of Title—Notice.

The record of title operates as notice only of the facts actually exhibited by the record, and not of those which might have been ascertained by such inquiries as an examination of the record might have induced a prudent man to make. (Pp. 99, 100.)

**2.—Same—Description.**

A deed may refer for description of the land conveyed to the description thereof given in another recorded deed, but where neither of them nor both together enable a purchaser to identify the land which they embrace with the particular tract which he is purchasing their record conveys no notice to him of the adverse title (P. 99.)

**3.—Same—Case Stated.**

A recorded deed of trust described the land encumbered as 101⅔ acres, a part of the Mannus survey, and being the north ⅓ of the Sulise tract, and more particularly described in a recorded deed referred to. This latter was a conveyance by metes and bounds of 306½ acres out of the Smith survey, making no mention of Sulise tract. The land intended to be described in the deed of trust was not in the Mannus survey, but was a part of such 306½ acres in the Smith. Subsequently W. purchased 151 8-10 acres out of the 306½ acres in the Smith survey, without actual notice of the deed of trust. Held that neither the description in the recorded deed of trust, nor that in the recorded conveyance to which it referred, nor both together if combined in one description, sufficed to give notice of record to W. of the existence of a deed of trust upon the land bought by him. Even if it imparted constructive notice that the land incumbered was in the Smith, and not in the Mannus survey, and was a part of the 306½ acres described, it did not show that it included any of the 151 8-10 acres out of same which W. purchased. (Pp. 98-100.)

**4.—Case Distinguished.**

Carter v. Hawkins, 62 Texas, 303, distinguished. Taylor v. Harrison, 473 Texas, 454, and other cases, followed. (Pp. 98-101.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Watters sued Wiseman and others and had judgment. Wiseman appealed and on affirmance obtained writ of error.

*Emmett B. Cocke,* for plaintiff in error.—Where a conveyance does not describe a piece of real estate by metes and bounds, refers to it as being located on a different grant to the one that it is actually located on, refers to it as the H. Sulise tract, when in fact no one knows it as such and simply refers to a deed being of record in the county where the land is situated without giving the book and page of such record, it is wholly inadequate and insufficient as a conveyance and can not give and does not constitute constructive notice. McLouth v. Hurt, 51 Texas, 115; Carter v. Hawkins, 62 Texas, 393; Posey's Unreported Cases, vol. 1, p. 514; Laughlin v. Tips, 8 Texas Civ. App., 649, 28 S. W., 551; Taylor v. Harrison, 47 Texas, 454; Cunningham v. Thornton, 28 Ill. App., 58; Simmons v. Fuller, 17 Minn., 485; Bank of Ada v. Gullikson, 64 Minn., 91.

*Carl & Kercheville,* for defendants in error.—A purchaser examining a recorded instrument must look to all its parts and not content himself with so much as will by itself give him no notice, when the remainder contains statements which would put him upon further inquiry as to title. Carter v. Hawkins, 68 Texas, 397; Coker v. Roberts, 71 Texas, 597.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

To secure the payment of two notes in the sum of $500 each, payable to W. E. Wright, C. O. Maddox executed and delivered his deed of trust wherein the property mortgaged was described as follows:

"All and singular the following described property, situated, lying and being in the County of Guadalupe and State of Texas, viz: Being a tract of 101⅔ acres of land, a part of the Y. H. Mannus Survey, and being ⅓ of the H. Sulise tract, the north third, lying and situate one and ⅔ miles north of the town of Lavernia on the New Berlin and Seguin road, and being more particularly described in a certain deed from H. Frederich to C. O. Maddox of record in Guadalupe County, to which reference is here made for more particular description."

This deed of trust was duly recorded in Guadalupe County on December 20, 1907.

The first of the notes was paid, the other with the lien was transferred in due course to J. C. Lamkin, and by him, before maturity, to C. B. Watters, one of the defendants in error.

The suit was brought by Watters upon this last named note against Maddox as principal and Lamkin and Wright as endorsers, and for the foreclosure of the deed of trust lien, in which connection it was alleged that there was a mistake in the description of the land as given in the deed of trust, in which it was incorrectly described as being a part of the "Y. H. Mannus" grant in Guadalupe County, whereas it should have been described as a part of the "E. Smith and M. Ximenes" survey in that county, of which it was in fact a part, as appeared from the description of the land given in the deed from H. Frederich to C. O. Maddox, referred to in the deed of trust. Foreclosure of the lien was also sought against R. A. Wiseman, who answered that on December 23, 1908, he purchased from Maddox and his wife a tract of about 151.8 acres in Guadalupe County out of the E. Smith grant for which he paid them $1500 in cash, without any knowledge, actual or constructive, that it had been previously mortgaged; and that if the property upon which the foreclosure was sought was a part of that which he had purchased, it constituted, at the time of the execution of the deed of trust given by Maddox to Wright, the homestead of Maddox and wife, and was, therefore, incapable of being mortgaged.

The trial court found against the homestead contention, rendered judgment in favor of Watters against Maddox, Lamkin and Wright upon the note; and correcting the description of the land as contained in the deed of trust in accordance with the prayer of Watters, decreed a foreclosure of the lien against all defendants. Wiseman alone prosecuted a writ of error from this judgment. It was affirmed by the honorable Court of Civil Appeals, reformed so as to give Wiseman a judgment against Maddox and wife for the $1500 paid them by the former in his purchase, with interest.

The field notes of the tract of 151.8 acres purchased by Wiseman from Maddox and wife include the 101⅔ acres in controversy and upon which the lien of the deed of trust, as reformed in its description by the

judgment, was foreclosed. Upon the trial it was admitted that Wiseman was a purchaser for value of the 151.8-acre tract, without any actual notice of the deed of trust. He was accordingly entitled to prevail upon his defense as an innocent purchaser, unless the record of that instrument, under its terms of description of the land therein mortgaged, afforded constructive notice of the lien. Whether it had such effect is the question presented for decision.

Upon principle, it would seem to be plain that the record of an instrument whose terms of description require a complete reformation in order to express the intention of the parties and subject certain land to its operation, its recitals in themselves indicating no ambiguity of description, does not impart to a subsequent purchaser of such land any constructive notice of its effect. This deed of trust upon its face failed to in anywise suggest that the land which Wiseman purchased was intended as the subject of its lien. Its reference was to land in an entirely different survey, namely, "101¾ acres, a part of the Y. H. Mannus Survey"; whereas the land purchased by Wiseman was 151.8 acres, "a part of the E. Smith Survey number Six." Nor did its recitals in themselves give any indication of a misdescription of the land. For it to possess any force at all with respect to Wiseman's land it was necessary to vitalize it in the same proceeding where the foreclosure was sought, by a judgment decreeing an entire reformation of its description. Under these conditions can it be said to have afforded constructive notice of its operation upon that land?

It is the settled general rule that for the record of an instrument to constitute constructive notice of its effect upon certain land, its description must be such as to reasonably identify the land. It is usual and of course permissible to incorporate, by reference, the description contained in other recorded deeds or instruments; and in such case their description will be considered as set out in the record of the particular instrument. But where this is done the deed referred to and the deed which contains the reference must, when taken together, be certain in description as to the land intended to be affected. Devlin on Deeds, sec. 1020.

The general rule that under the doctrine of constructive notice there is imputed to the subsequent purchaser or encumbrancer notice only of that which appears on the face of the recorded instrument, and that where there is a substantial discrepancy between the property intended to be conveyed or mortgaged and that described in the instrument, the record will not operate as notice, is subject to the qualification that where the description in the instrument is ambiguous, inconsistent in its parts, or correct in one particular and false in another, the record is such as to naturally excite inquiry, and under such circumstances it therefore becomes the duty of the subsequent purchaser or encumbrancer to make inquiry for the purpose of ascertaining what property was actually the subject of the instrument. This qualification of the general rule was announced in Carter v. Hawkins, 62 Texas, 393. It involved a state of case where a recorded mortgage described the prop-

erty as "the east half" of a certain tract, followed by three certain calls which failed to enclose any land, and, as far as they went, bounded entirely different land. Later, the grantor in the mortgage conveyed the "east half" of the tract referred to by proper field notes. It was held that a substantial variance between the land described and that actually mortgaged could not be said to exist, doubtless because the mortgage distinctly referred to it as "the east half" of the certain tract, its true description; that the lines called for in the mortgage would not include that half or any part of the tract; and an examination of the record would naturally have raised the doubt whether the mortgage embraced the one tract or the other, exciting inquiry as to which it was actually intended to cover. There, in other words, the recorded mortgage contained upon its face two descriptions of different tracts of land. It was held that under such conditions the subsequent purchaser should not be permitted to repudiate the notice imparted by the first and appropriate the other, and thereby constitute himself an innocent purchaser; but that he was under the duty of making inquiry.

With the qualification announced in Carter v. Hawkins the rule is established, at least in this State and in others, that the record of instruments provided or permitted by law to be recorded, operates as notice only of the facts actually exhibited by the record, and not those which might have been ascertained by such inquiries as an examination of the record might have induced a prudent man to make. Taylor v. Harrison, 47 Texas, 454, 26 Am., 304; McLouth v. Hurt, 51 Texas, 115; Clementz v. Jones Lumber Co., 82 Texas, 424, 18 S. W., 599; Gulf, C. & S. F. Ry. Co. v. Gill, 86 Texas, 284, 24 S. W., 502; White v. McGregor, 92 Texas, 556, 71 Am. St., 875, 50 S. W., 564; McLaughlin v. Tips, 8 Texas Civ. App., 649, 28 S. W., 551; Neyland v. Texas Y. P. Lumber Co., 26 Texas Civ. App., 417, 64 S. W., 696; Simmons v. Fuller, 17 Minn., 485; Bailey v. Galpin, 40 Minn., 319, 41 N. W., 1054; Bank of Ada v. Gullikson, 64 Minn., 91, 66 N. W., 131; Cass County v. Oldham, 75 Mo., 50; Ozark Land & Lumber Co. v. Franks, 156 Mo., 673, 57 S. W., 540; Slocum v. O'Day, 174 Ill., 215, 51 N. E., 243; Simmons v. Hutchinson, 81 Miss., 351, 33 So., 21.

In his purchase, therefore, Wiseman was affected with notice of only that which the deed of trust recited, and not what he might have learned upon inquiry had he in fact seen the record of the instrument. Did it recite any fact touching the land he bought, or in anywise suggest that it was the land mortgaged or intended to be mortgaged? No such effect can be given it. There is no feature of the description, on its face, which indicates any purpose to mortgage any other land than 101⅔ acres in the "Y. H. Mannus Survey." There is the allusion to the deed from H. Frederich to C. O. Maddox, in which, it was stated, the 101⅔-acre tract was "more particularly described." But that deed did not describe, nor purport to describe, any 101⅔ acres of land. It only described an entire tract of 306½ acres, out of "the E. Smith and M. Ximines Grant," with nothing in the field notes to suggest that they included the 101⅔ acres designated. It made no mention of any

"H. Sulise tract." Assuming that the effect of the reference to that deed was to import its description of the land it embraced, the description in the mortgage would stand about thus: "Being a tract of $101\frac{2}{3}$ acres of land, a part of the Y. H. Mannus survey, and being one-third of the H. Sulise tract, the north third, lying and situate one and two-thirds miles north of the town of Lavernia on the New Berlin and Seguin road, and being more particularly described in a certain deed from H. Frederich to C. O. Maddox of record in Guadalupe County, namely, a deed which describes by its own field notes a tract of $306\frac{1}{2}$ acres out of the E. Smith and M. Ximines Grant." This would indicate uncertainty as to the survey or grant in which the $101\frac{2}{3}$ acres actually lay, whether the Y. H. Mannus survey, or the E. Smith and M. Ximines grant; but it would suggest in itself no intention to include part of the particular 151.8 acres purchased by Wiseman of the $306\frac{1}{2}$ acres described in the Frederich deed out of the latter grant. If, under such a description, the distinct statement that the land was in the Y. H. Mannus survey be entirely discarded, and the land be regarded as a part of the E. Smith and M. Ximines grant, a mortgage of a "$101\frac{2}{3}$-acre tract out of a tract of $306\frac{1}{2}$ acres in such grant," with no further identification of the tract mortgaged, or anything to show where it lay in the $306\frac{1}{2}$-acre tract, would not of itself indicate that it was included in a particular 151.8-acre tract out of such $306\frac{1}{2}$-acre tract, or be inconsistent with the idea that it was excluded from it, for they might well constitute distinct parts of the larger tract. Such a description—and that is all this description amounts to, taken most favorably for the plaintiff in the suit—would simply present a case of failure under the description of the particular instrument and that of the deed included by reference, when taken together, to identify the mortgaged land with any reasonable certainty. Under the established rule it could not operate as constructive notice to a subsequent purchaser.

Wiseman testified that he was not acquainted with any tract known as the "H. Sulise tract," and that he did not know that the tract he purchased was the only land owned by Maddox in Guadalupe County, or all that he owned of land purchased from Frederich. The case is not one, therefore, of a purchaser in possession of sufficient actual knowledge to put him upon inquiry. It is governed solely by the determination of the effect of the record of the deed of trust as affording constructive notice of the lien.

The case is clearly not within the rule announced in Carter v. Hawkins. There, as has been stated, in one part of the description the land intended to be mortgaged was in fact described. While here the land purchased by Wiseman was not described anywhere on the face of the record, nor identified in the description included by reference. Neither was the tract actually described in any way designated so as to reveal that it was a part of that land.

The record is of no value unless parties may rely upon what it recites. It was within the power of the mortgagee to record an instrument identifying the land in dispute as that embraced in the mortgage; and

the consequence of his failure to do so should be visited upon the defendant in error claiming under him, rather than upon one who, under the record of the case, was an innocent purchaser of an unincumbered title to the land.

The case appears to have been fully developed, and turns upon the question of law discussed. The judgments of the District Court and the Court of Civil Appeals are accordingly reversed, and the judgment will be here entered in favor of the defendant in error, Watters, upon the note declared on in his petition against Maddox as principal and Lamkin and Wright as endorsers, but denying a foreclosure of the deed of trust lien upon the land in controversy, and in favor of the plaintiff in error, Wiseman, except as to any recovery over against Maddox and wife on their warranty.

*Reversed and remanded.*