RANDOLPH v. LEWIS. (No. 36–2685.)

(Commission of Appeals of Texas, Section B. April 9, 1919.)

1. ADVERSE POSSESSION &#9758;80(3)—CLAIM UNDER DEED—SUFFICIENCY OF DEED.

In trespass to try title, a plea of five-year statute of limitations was supported by a deed referring to adjoining surveys on three sides and a river on the other, although name of patentee and number of certificate were . erroneous.

2. ADVERSE POSSESSION &#9758;31 — NOTICE OF ADVERSE POSSESSION—BOUNDARIES—LOCATION.

An owner of land claimed adversely by another is charged as a matter of law with knowledge of location of land and its boundaries.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Trespass to try title by R. J. Randolph against C. W. Lewis. From a judgment of the Court of Civil Appeals (163 S. W. 647), affirming a judgment in favor of defendant, plaintiff brings error. Affirmed.

Randolph & Randolph, of Madisonville, and Hart & Patterson, of Austin, for plaintiff in error.

J. M. Brownlee, of Madisonville, and E. A. Berry, of Austin, for defendant in error.

SADLER, J. Plaintiff in error filed suit in the district court in trespass to try title to recover from defendant in error 369 acres of land in Madison county, Tex., patented to Samuel Bogart, assignee of John W. Holman, on February 14, 1852, by virtue of certificate 347, described by metes and bounds, and having the Navasota river as its western boundary. The defendant answered by plea of the five-year statute of limitation, claiming under a deed from D. J. Donohoe to the defendant, dated May 16, 1905, describing the land as follows:

"All of that certain tract or parcel of land in said county and state, and being 360 acres of land patented to John W. Holman, abstract No. 116, certificate 516, vol. 9, as shown by the land records of Madison county, Texas, and bounded on the south by the George L. Ramsdale and on the east by the A. J. Wynn, and on the north by another survey of the G. L. Ramsdale, and on the west by the Navasota river."

The defendant recovered in the district court on his plea of limitation, which judgment was affirmed by the Court of Civil Appeals. 163 S. W. 647.

Opinion.

[1] The sole question presented for our determination is: Will the deed relied upon by the defendant support his plea of limitation? This question is very carefully considered in the opinion of the Court of Civil Appeals, and the authorities upon which plaintiff relies for sustaining the proposition that the description of the land in the deed is so defective that it will not support the plea are very carefully reviewed in the opinion on rehearing. We are of opinion that the Court of Civil Appeals correctly decided the question.

The abstract records in the office of the tax assessor of Madison county show that certificate No. 347 was issued to Samuel Bogart and the patent to John W. Holman. The deed to Lewis is clearly erroneous in reciting the certificate to be No. 516, and it is apparent that the land was patented to Bogart as the assignee of Holman. The abstract books did not correctly show the facts. Were this all the description contained in the deed to Lewis, the contention of plaintiff might be correct. However, the further description is believed to be sufficient to raise the question of notice to plaintiff that the defendant was asserting title to the land under the deed from Donohoe.

Defendant was in possession of the identical tract of land to which plaintiff asserted title. Plaintiff was therefore charged with knowledge that defendant was in possession of property belonging to him. This fact was sufficient to call the attention of plaintiff to the holding of defendant. Brownson v. Scanlan, 59 Tex. 222; Craig v. Cartwright, 65, Tex. 413; Wimberly v. Bailey, 58 Tex. 222.

[2] Having notice of the adverse possession, and seeking to pursue that notice to ascertain by what tenure defendant held, the plaintiff consults the records of Madison county. It is true that, in undertaking to run the chain of title from himself to the sovereignty, he does not find a conveyance to the defendant; but is he, with the knowledge of defendant's possession, excused from a further investigation to ascertain whether defendant holds a deed to the property? A further examination of the record would have brought him in touch with the deed here under question. What would he have discovered from an inspection of that deed? He would have ascertained the following definite facts: (a) A deed from Donohoe to Lewis; (b) that it affected in some manner the John W. Holman survey in Madison county; (c) that it was a conveyance of a certain tract of land situated in Madison county, bounded on the west by the Navasota river, on the south by the George L. Ramsdale survey, on the east by the A. G. Wynn, and on the north by another George L. Ramsdale survey. The plaintiff is charged as a matter of law with knowledge of the location of the land owned by him and with its boundaries. Brownson v. Scanlan, 59 Tex. 222; Craig v. Cartwright, 65 Tex. 413.

Further investigation of the record would'

---

have disclosed to him the fact that the boundary lines of the land claimed by the defendant and the boundary lines of the Wynn and two Ramsdale surveys were the same, and that the Navasota river was the western boundary. Plaintiff knew that his land was located within that particular territory included within the boundaries of those surrounding surveys, and had the Navasota river for the western boundary.

It is contended, however, that the deed to the defendant does not sufficiently describe the land, to put the plaintiff upon such notice as will support limitation, since it was necessary for the plaintiff to do something more than examine the records in order to ascertain the fact that the particular land described in defendant's deed was the land described in plaintiff's title; for instance, that it was necessary to ascertain by actual survey the location of the boundary lines of the surrounding surveys, and that would require an investigation aliunde the record. That may be true but let us see about plaintiff's own deed. Is it possible that the plaintiff can from the record read the deed under which he holds, and then say exactly where his land is located on the Navasota river? In order to find the land claimed by the plaintiff and described in his deed, it is necessary to go upon the ground and find the objects defining the boundaries of his property. It is necessary, in order to determine the boundaries of the land held by defendant, to ascertain the lines and corners of the surrounding surveys mentioned as descriptive of the location and extent of the holding under Donohoe's deed.

The surveyor says that he cannot plat the land described in the deed to defendant without first platting the surrounding surveys. This is self-evident; but can he plat the land from the description in plaintiff's deed, so as to assist or point out its definite location with reference to the public domain from which taken, or surrounding lands, without platting the abutting surveys? It is true that he can, with proper instruments, draw an outline to a scale of a certain supposed tract of land; but does that assist in the location of the land on the ground? We assert not.

In all matters with reference to the description of land, that description is sufficient when the surveyor can take the data called for in the deed, and with that data, locate the land upon the ground. According to the record here the surveyor can locate the land claimed by defendant, by utilizing the things called for in the description contained in the deed.

The record shows that at the date of the deed to the defendant these adjoining surveys had been patented and that the field notes thereof were of record. Taking the date furnished by defendant's deed, the plaintiff can go upon the ground and locate definitely the land covered by the claim of the defendant. And a fortiori, taking the deed of the defendant in connection with the possession of the defendant, of which plaintiff had notice, the plaintiff could have known from the deed that defendant was asserting, by the record, title to the property claimed by plaintiff.

The errors in defendant's deed, in giving the name of the patentee, and the number of the certificate, are not material, and may be treated as surplusage, when the other portion of the description is clearly sufficient to manifest the error and to locate the land. Arambula v. Sullivan, 80 Tex. 615, 16 S. W. 436; MacManus v. Orkney, 91 Tex. 33, 40 S. W. 715. In the case of Club Land & Cattle Co. v. Wall, 99 Tex. 591, 91 S. W. 778, 122 Am. St. Rep. 666, Justice Brown says:

"The defendant in error, Wall, claims that the deed from the assignee, Harrell, to Carver, is not sufficiently definite in its description of the land to sustain the statute of limitations, because it calls to be taken out of a tract of 280 acres deeded by Harrell and East to J. C. Scott out of the J. Ostane survey No. 83, and, because it is not shown that the deed to Scott was recorded, the description is defective. The facts of this case are quite different from those in McDonough v. Jefferson County, 79 Tex. 535 [15 S. W. 490], where the deed under which the statute of limitations was prescribed contained no description of the land whatever, but referred to another deed, which was not of record; therefore there was no such deed to the land on record as was required by the statute. The deeds introduced in this case were sufficiently definite to sustain the five-year limitation."

In that case the description of the land is as follows:

"'Second Tract.—100 acres, being a part of the J. Ostane survey, No. 83, and described as follows: Beginning at southeast corner of the 280-acre tract, deeded by Harrell and East to J. S. Scott in the southwest corner of said survey; thence north 1340 varas to northeast corner of said 280-acre tract; thence east 420 varas; thence south 1340 varas; thence west on south line of said survey 420 varas to the beginning.'

"'Third Tract.—All the right, title and interest of said assigned estate, including the superior title held by the assigned estate of E. H. East to the following described tract of land situated in Archer county, Texas, and being a part of said Ostane survey containing 119 acres: Beginning at the southeast corner of said 100-acre tract, on the south line of said survey, thence north 1340 varas to northeast corner of said tract; thence 500 varas east; thence south 1340 varas to south line of said survey; thence 420 varas to the beginning.'

"The last tract is in controversy in this case."

The deed from Harrell and East to J. S. Scott for the 280-acre tract was not recorded. It will be seen from the description of the above land in controversy that there was no

definite object to mark its location. In order to determine the location of the land it was necessary to ascertain, first, the location of the 280-acre tract. This could not be done from the record, and it could only be done by procuring the original deed to Scott, or by reason of the fact that Scott's land had already been surveyed and its corners established, and then the necessity existed of going upon the ground in order to find these corners. After doing this it then became necessary to survey our tract No. 2 above described before tract No. 3 could be located. Certainly tract No. 3 could not be located until surveyed. It is therefore clear that the deed conveying the third tract did not contain a description sufficient in itself, or sufficient by reason of the record, to locate the land in controversy. The deed only furnished information putting Wall on notice of facts which, when pursued to their legitimate conclusion, furnished him with knowledge of the location of the land claimed by the Cattle Company. We surmise that the possession of the Cattle Company was one of the things which assisted in locating the land covered by the field notes of tract No. 3. There was no definite object shown in this deed by which the land could be located, and we feel quite sure that a surveyor would have had great difficulty in platting the location of the second or third tract from the records.

Had the deed under investigation here, instead of calling for the adjoining surveys, called to begin on the Navasota river at the northeast corner of the G. L. Ramsdale survey, thence with its north line to a corner of the A. G. Wynn, thence with the west line of the Wynn to the southeast corner of another G. L. Ramsdale survey, thence with the south line of said Ramsdale to the Navasota river, thence with the meanders of said river back to the beginning; could it be contended that that description was not sufficient? The deed certainly would have put the plaintiff on notice that the Holman survey was supposed to be conveyed, and certainly the boundaries could have been ascertained. The fact that the A. G. Wynn elled the northeast corner of the Holman for a short distance before reaching the southeast corner of the upper Ramsdale will not affect the description.

We are of opinion that the description contained in the deed to the defendant was sufficient to put the plaintiff on notice that the Holman survey was intended to be conveyed and to give to the plaintiff sufficient facts from which he could definitely locate the land held in possession of the defendant.

We are therefore of the opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The effect of the reference to the adjoining surveys was to incorporate in the deed their description as a means of identifying the particular land, as fully as though their field notes had been set out in the deed. Wiseman v. Watters, 107 Tex. 99, 174 S. W. 815; Devlin on Deeds, § 1020. The patents to the surveys, showing their field notes, were of record in the Land Office, and constituted notice to the world. Evitts v. Roth, 61 Tex. 81. The reference to the surveys accordingly gave the plaintiff, as a matter of public record, constructive notice of their location. Since, with the river, they in fact entirely surround and enclose the plaintiff's land, he was therefore advised by the record that the deed conveyed his land.

The judgments of the District Court and Court of Civil Appeals will be affirmed.