**KEE et al. v. JERNIGAN et al.**

No. 4325.

Court of Civil Appeals of Texas. Texarkana.

April 27, 1933.

Rehearing Denied April 29, 1933.

Smith & West, of Henderson, for appellants.

Phillips, Trammell, Chizum, Price & Estes, of Fort Worth, for appellees.

SELLERS, Justice.

This suit was originally brought by P. H. Proctor and wife as plaintiffs against C. M. Jernigan and numerous other defendants to recover title to possession of two tracts of land, being 100 acres in the John A. Snow survey and 100.77 acres in the Meredith McCabe survey. All matters and issues between the original plaintiffs and defendants were settled by an agreed judgment which was entered by the court in a severed cause. There remained certain issues between certain of the defendants which involve the title to the tract of 100.77 acres which was tried before the court without aid of a jury, and this appeal is from the judgment of the court entered on a hearing of those issues.

The facts, so far as this appeal is concerned, may be briefly stated as follows: It is agreed that C. L. Christian and his wife are the common source of title. C. L. Christian joined by his wife conveyed the 100.77 acres in 1880 to S. D. Jernigan. At the time of this conveyance S. D. Jernigan was living with his first wife, Mary Jernigan. About two years after this deed was made Mary Jernigan died intestate and left surviving her husband and the following named children as her only heirs at law: W. W. Jernigan, D. E. Jernigan, W. M. Jernigan, Martha Jane Jernigan (who married W. B. Kee), and Stella E. Jernigan (who married W. A. Johnson). In 1912 all the above-named children signed a deed conveying their interest in the land involved to their father, S. D. Jernigan. This deed, however, was void as to Mrs. Kee and Mrs. Johnson for the reason that their husbands did not join the conveyance as required by law. S. D. Jernigan and his second wife, S. B. Jernigan, shortly after his children made the above deed to him, conveyed the land by warranty deed to Tom Richmond. Richmond conveyed to P. H. Proctor in 1915, and Proctor during the same year reconveyed the land to S. D. Jernigan. S. D. Jernigan joined by his second wife, S. B. Jernigan, conveyed the land by warranty deed to his son W. M. Jernigan on June 19, 1923, and this deed was recorded March 17, 1924. The description of the land as contained in this deed is as follows: "Second tract. Also a tract of land about twelve miles W of N of the town of Henderson, Texas, beginning at the N. E. Corner of the old Russell place witness two pines; thence W 88 44/100 vrs. to a corner on the N. B. of the said Russell Survey, witness a black jack and black oak; thence S 1 W 391 vrs to corner, black jack and red oak; thence N 82 W 522 3/4 vrs to corner, witness a red oak; thence S 1 W to J. H. White's N. W. Corner of 64 acres tract deeded to him by the Russell Heirs, on the 29th day of January, 1877; thence E. 509 16/100 vrs. to corner on the E. B. line of Russell place; thence N 801 36/100 vrs to the place of beginning, containing 100 77/100 acres of land more or less."

W. M. Jernigan died in 1931 and C. M. Jernigan qualified as administrator of his estate. By agreement of the parties in the lower court Mrs. Kee and Mrs. Johnson, joined by their husbands, were considered as plaintiffs; and C. M. Jernigan and the heirs of W. M. Jernigan, deceased, and those who claimed under them were treated as defendants. The plaintiffs by appropriate pleadings sought title to an interest in the land involved through their mother, who was the first wife of S. D. Jernigan. The title was denied by the defendants who set up title to plaintiffs' interest in the land by virtue of both the 5 and the 10-year statutes of limitation. The case was tried before the court without a.

jury and resulted in a judgment for the defendants for title to the land by virtue of both the 5 and the 10-year statutes of limitation (Rev. St. 1925, arts. 5509, 5510). From this judgment the plaintiffs have duly prosecuted this appeal.

We have concluded that the trial court's judgment decreeing appellees title to the land involved under the 5-year statute of limitation must be sustained. The only attack made by appellants on the court's judgment in this respect is that the deed from S. D. Jernigan to W. M. Jernigan did not sufficiently describe the land so as to give appellants notice that appellees were claiming their land adversely to them. The appellants claimed under the deed from Christian to S. D. Jernigan and the land involved is therein described as follows: "Beginning at the N. E. corner of the old Russell Place, witness two Pine trees, thence West 685 44/100 vs to corner on the N Boundary of the said Russell Survey, witness a Black Jack & Black Oak, thence S 10 W 391 vs to corner a Black Jack and Red Oak, thence S 82 W 522 3/4 vs to corner witness a Red Oak, thence S 10 W to J. H. White's N. W. Corner of 64 acre tract deeded to him by the Russell heirs on the 29th day of January 1877, thence East 509 16/100 vrs to Corner on the East Boundary line of the Russell place, thence N 801 3/100 vrs to the place of beginning containing One Hundred and Seventy Seven—100 77/100 acres more or less."

The law is well settled in this state that the appellants were presumed to know who was in possession of their land. Randolph v. Lewis (Tex. Com. App.) 210 S. W. 795, and cases therein cited. But, irrespective of this presumption, the court found as a fact, and it is not challenged, that the appellants had actual knowledge that W. M. Jernigan and his wife had been in possession of the land involved ever since 1923. Knowing of such adverse possession, it was appellants' duty to consult the deed records to ascertain by what tenure appellees held. And if this were done appellants would have found the deed from S. D. Jernigan and his second wife to W. M. Jernigan under whom appellees claimed. and appellants are charged with such notice as this deed contains. This brings us to the one question on this appeal: Was the description of the land involved as contained in this deed sufficient to give appellants notice that W. M. Jernigan was claiming their land? No objection was offered to the introduction of this deed in evidence. No question was made in the trial court as to whether a competent surveyor could take this deed and with the aid of extrinsic evidence locate the land upon the ground. Nor do we consider it necessary to decide this question on this appeal. There has been quite a number of rules established by the courts in this state to be applied in determining whether a description is sufficient to give the required notice or not. The one which appeals to us most forcibly is to be found in Texas Jurisprudence, Volume 2, § 146, which is here quoted: "The true test of the sufficiency of a description to extend actual possession constructively to the boundaries of a tract under either the 5 or 10 year statute is that it should be sufficient to give notice to the true owner of the point to which the holder of such deed is claiming."

Applying this rule to the facts of this case, we find the description in the deed under which the appellees claim identical with the deed under which the appellants claim, in so far as the objects which mark the corners for the tract of land involved are concerned. The descriptions are further identical in their location of the land as about twelve miles west of north from the town of Henderson, and they are further identical in referring to the amount of land as described as being 100.77 acres, more or less. In fact, the only difference in the field notes contained in the descriptions are in the calls for course and distance. If there were no objects for corners called for in the descriptions, the calls for course and distance would necessarily have to control. But since the description contained in both deeds call for the same objects for corners, and since such objects are either bearing trees, surveys, or other tracts of land, we are of the opinion that the objects marking the corners should control over the calls for course and distance in determining whether the deed under which the appellees claim was sufficient to give appellants notice that appellees were claiming their land. We are unable to conceive how appellants, being familiar with the description of the land in the deed under which they claim, as they are charged as a matter of law to be, could fail to know when they found appellees' deed on record that they were claiming appellants' entire 100.77 acres of land.

There are other assignments but the conclusion above reached make them of no importance and they have not been considered.

The judgment of the trial court is affirmed.