**TEXAS CONSOLIDATED OILS, Appellant,**

**v.**

**E. J. BARTELS et al., Appellees.**

**No. 3086.**

Court of Civil Appeals of Texas.

Eastland.

July 9, 1954.

Rehearing Denied Sept. 10, 1954.

. Johnson & Abney, Dallas, for appellant.

Smith, Eplen, Bickley & Pope, Abilene, for appellees.

COLLINGS, Justice.

This is a trespass to try title case brought by appellant, Texas Consolidated Oils, to establish title to an undivided one-fourth of all the oil, gas and minerals in and under the East 240 acres of the North one-half of Section 122, Block 97, H. & T. C. Ry. Co. Survey in Scurry County, Texas. The suit as originally brought was against E. J. Bartels and the partners composing the Snowden Oil & Gas Company, Ltd. By amended petition W. P. Wright, Bert Chapman, Robert W. McKissick and Joe Childers were made parties defendant and they, in turn, claimed ownership of the mineral interest in question. Through disclaimers and dismissals, Bartels and the partners comprising Snowden Oil Company, Ltd., were eliminated from the case. Trial was before the court without a jury and judgment entered against Texas Consolidated Oils upon its claim of title and in favor of defendants, W. P. Wright, Bert Chapman, Robert McKissick and Joe Childers on their cross action. Texas Consolidated Oils has appealed.

Appellant is the same corporation as Texmass Petroleum Company, the name having been changed by charter amendment dated May 22, 1950. The Snowden Oil & Gas Company, Ltd., was a Texas limited partnership, and H. W. Snowden was the sole general partner. On November 1, 1946, the latter company executed a written instrument designated as an "assignment" which provided in part as follows:

"Now, therefore, know all men by these presents: That the Snowden Oil and Gas Company, Ltd., acting by and through H. W. Snowden, its sole General Partner, for and in consideration of Twenty-Five Thousand ($25,000.00) Dollars in cash and Seventy Thousand (70,000) shares of the stock of the Texmass Petroleum Company (and other good and valuable considerations), in hand paid to it, the receipt and sufficiency of which is hereby acknowledged, does hereby sell, assign, transfer, set over and convey unto Texmass

Petroleum Company, a Texas Corporation, with its principal place of business at Dallas, Texas, all its right, title and interest, legal and equitable, in and to all of the following described real, personal and/or mixed properties located within the United States of America, to-wit:

" '1. All the oil, gas and mining leases, royalties and overriding royalties located anywhere within the United States, most of which are located within the States of New Mexico, Kansas, Oklahoma, Louisiana and Texas, together with all personal property, houses, lease houses, machine shops, pipes, tubing, casing, drill pipe, and other oil field equipment, and tools, automobiles, trucks, trailers, tractors, drilling and swabbing equipment of every nature whatsoever owned by said Snowden Oil and Gas Company, Ltd., located thereon or used or obtained in connection therewith.'

"The Snowden Oil and Gas Company, Ltd., shall assign to the Texmass Petroleum Company, by proper assignment and conveyance, all of said properties, real, mixed and/or personal, of every nature whatsoever, provided to be conveyed herein, conveying the same by proper description and in the manner required in the respective States in which said·properties are to be conveyed. All of·such conveyances shall be by special warranty of title, conveying to the Texmass Petroleum Company only the interest which the Snowden Oil and Gas Company, Ltd., owns in said properties."

On May 31, 1947, the partners composing the Snowden Oil and Gas Company, Ltd., executed an "agreement of dissolution" and a "notice of dissolution" of such limited partnership. All of the above mentioned instruments were duly filed and recorded in Scurry County on November 16, 1949.

Thereafter, on November 22, 1949, H. W. Snowden, purporting to act for the Snowden Oil and Gas Company, Ltd., executed an instrument purporting to convey the mineral interest in question to E. J. Bartels. On August 25, 1950, E. J. Bartels executed a conveyance of such mineral interest to W. P. Wright and Bert Chapman under which all appellees claim title.

It is undisputed that appellees paid a valuable consideration for the conveyance from Bartels. It is·likewise admitted that appellees had no actual knowledge of appellant's claim or interest in the property in question until they were served with citation in this suit. Appellees required an abstract at the time of their purchase from Bartels which they had examined by their attorney prior to closing the transaction, but such abstract did not contain a copy of the above mentioned "assignment" to appellants or of the "agreement of dissolution" or of the "notice of dissolution."

Findings of fact and conclusions of law were filed by the trial court. The court concluded that appellees were vested with superior title to that asserted by appellant oil company because they were bona fide purchasers for value in good faith; that the recorded instruments evidencing the claim of appellant oil company were not sufficient to charge appellees with notice of the rights of appellant; that such instruments were void so far as appellees were concerned because they failed to contain a description of the land involved; that the situation in which the parties found themselves arose because no description of a particular tract of land or mineral interest was contained in any of the pertinent instruments filed for record and relied upon by appellant; that appellant was in position to see that such description was set forth in such instruments at least by a particular reference so as to give notice in the usual and customary manner, and that appellees who required an abstract and had same examined were guilty of no derelictions; that the loss as between the parties should be borne by appellant.

It is urged by appellant, Texas Consolidated Oils, that the court erred in holding that the instrument executed and delivered to appellant by Snowden Oil and Gas Com-

pany, Ltd., on November 1, 1946, and filed for record in the deed records of Scurry County, Texas, prior to the time Wright and Chapman purchased the lease in question, was insufficient to charge appellees with notice of the interest claimed by appellant, and in holding that such instrument was void so far as appellees were concerned because it failed to contain a description of the land involved.

Appellees question appellant's contention that the November 1, 1946 instrument under which appellant claims was a conveyance rather than a contract to convey. This question, in our opinion, is not material, particularly in view of the fact that thereafter, on May 29, 1947, Snowden Oil and Gas Company, Ltd., executed another instrument which purported to convey all of its properties to appellant in compliance with the terms of the prior November 1, 1946, instrument. The latter instrument was not of record when appellees purchased their interest from Bartels. The question then is, whether the description set out in the prior instrument, regardless of whether it is in the nature of a conveyance or is merely a contract to convey, is sufficient to constitute constructive notice to subsequent purchasers that it covered the 240 acre tract here in controversy.

Appellees contend that because the November, 1946, instrument did not particularly describe the 240 acre tract in dispute, or refer to some recorded instrument containing a description thereof, that such instrument was not constructive notice to them of appellant's right and interest in such 240 acre tract under the registration statutes of the State of Texas. The portion of the registration statutes material to the question under consideration are as follows:

Article 6631, R.C.S.—Texas:

"Every conveyance, covenant, agreement, deed * * * which shall have been acknowledged, proved or certified according to law, may be recorded in the county where the land lies; and when delivered to the clerk of the prop-

er court to be recorded shall take effect and be valid as to all subsequent purchasers for a valuable consideration without notice * * *."

Article 6646, R.C.S.—Texas:

"The record of any grant, deed or instrument of writing authorized or required to be recorded, which shall have been duly proved or acknowledged for record and duly recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed or instrument."

■ To constitute notice to subsequent purchasers under the registration act, the description of the land in the recorded instrument must be sufficient to reasonably identify and if the instrument is a deed, to convey the land to which it relates.

The instrument in question, among other things, described the property purported to be covered therein as "all its right, title and interest, legal and equitable, in and to all the following described real, personal, and/or mixed properties located within the United States of America, to-wit:

"1. All the oil, gas and mining leases, royalties and overriding royalties located anywhere within the United States, any of which are located within the states of New Mexico, Kansas, Oklahoma, Louisiana and Texas, * * *."

■ It has long been the rule that a deed purporting to convey all lands owned by the grantor in the State or in a named county is sufficient description to effect a conveyance. Smith v. Westall, 76 Tex. 509, 13 S.W. 540; Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744. The question of the sufficiency of the description of the interest in land set out in the instrument under consideration is controlled by the above authorities. Such description is sufficient to reasonably identify the land and, if the instrument should be held a deed, to constitute a conveyance thereof.

The instrument of November 1, 1946, under which appellant claims was filed for record in Scurry County prior to the purchase of the mineral interest in controversy by Wright and Chapman. The description in the recorded instrument was, as stated, sufficient to reasonably identify and to have conveyed the land in controversy if contained in a deed. Such instrument was not as contended by appellees void as to them. Since the description was sufficient to reasonably identify and to have conveyed the land, it constituted notice to subsequent purchasers of such land under the above statutory provisions. 36 Tex.Jur., 508; Wiseman v. Watters, 107 Tex. 96, 174 S.W. 815; Thompson v. Cole, Tex.Civ.App., 126 S.W. 923; Smith v. Shamburger, Tex.Civ.App., 273 S.W. 645; Douthit v. Robinson, 55 Tex. 69; Thorndale Mercantile Co. v. Continental Gin Co., Tex.Civ.App., 217 S.W. 1059, err. ref..

■ Appellant further contends that the court erred in holding that, as between the parties hereto, the loss should be borne by appellant because the situation in which the parties find themselves arose because the land in question was not particularly described and that appellant was in a position to have prevented the situation by seeing that the land was particularly described and that appellees, who had an abstract examined, were guilty of no fault in the matter. This point is well taken. Appellees' contention that appellant was at fault in not seeing to it that the land was particularly described and that appellees were guilty of no dereliction and were without fault in the matter cannot be sustained. The instrument of November 1, 1946 was of record in the deed records of Scurry County, Texas, when appellees purchased the mineral interest in controversy. The description in such instrument was sufficient to have conveyed such mineral interest. Under the authorities above cited, appellees had constructive notice of such instrument and of the land covered therein, which included the 240 acre tract in controversy. One who has constructive note of a prior sale or contract for the sale of land cannot be an innocent purchaser thereof and cannot claim ignorance of such prior sale as a basis of estoppel against a prior purchaser who has not actually misled the subsequent purchaser by a misrepresentation of the true state of the title. Cherry v. Farmers Royalty Holding Company, 138 Tex. 576, 160 S.W.2d 908; Harris v. Warner, 199 Iowa 1000, 203 N.W. 279; 31 C.J.S., Estoppel, § 103, page 329; 50 A.L.R. 744; 19 Am.Jur. 770; Ford v. Warner, Tex.Civ.App., 176 S.W. 885.

■ Snowden Oil and Gas Company, Ltd., was the common source of title of all parties hereto. The instrument of November 1, 1946, under which appellant claims, was at least a contract to convey the mineral interest in controversy. It was executed by Snowden Oil and Gas Company, Ltd., and was placed of record in the deed records of Scurry County, Texas, prior to the conveyance under which appellees claim. Appellees, therefore, had constructive notice of appellant's interest or claim therein. On May 29, 1947, Snowden Oil and Gas Company, Ltd., executed another instrument which purported to be in compliance with the instrument dated November 1, 1946, that is, to transfer and convey to appellant "all its properties, rights, titles and interests of every kind and character and wherever situated." If the instrument of November 1, 1946, was merely a contract to convey, then the conveyance of May 29, 1947, had the effect of fully executing and performing such contract. Since the parties claim under a common source and the conveyance under which appellees claim was subsequent to the execution and the filing for record of the instrument of November 1, 1946, under which appellant claims, appellant was entitled to prevail in its action in trespass to try title. The trial court erred in not entering judgment for appellant for title and possession of the mineral interest in controversy.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered for appellant.